PINNELL ET AL. *v.* STRINGER ET AL.

DEMURRER TO EVIDENCE.—*Presumption.*—On a demurrer to evidence, every thing will be taken against the party demurring which the evidence tends to prove, including every fair inference deducible therefrom.

SAME.—*Action to Set Aside Fraudulent Conveyance.*—On the trial of an action to set aside an alleged fraudulent conveyance, the evidence established, that, at the time such conveyance was made, the grantor was indebted to the plaintiff, and was insolvent; and also tended to show fraud on the part of the grantor.

*Held,* on demurrer to the evidence, that, in the absence of evidence tending to establish fraud on the part of the grantee, the demurrer should be sustained.

From the Boone Circuit Court.

*H. C. Wills* and *J. W. Clements,* for appellants.

PERKINS, J.—Complaint to set aside a conveyance of real estate, on the ground that it was made to hinder, delay, and defraud creditors.

On the trial, the appellees, defendants below, demurred to the evidence; the court sustained the demurrer, and rendered final judgment for the appellees.

It seems to us, the judgment of the court was right. No principle of law or rule of pleading or practice is in question, but simply the proper conclusion upon the facts proved, as to the existence in the case of the fact of fraud. We make a few extracts from the opinion in the case of *Eagan* v. *Downing,* 55 Ind. 65, which are decisive of the present:

"We may remark, that, on a demurrer to evidence, every thing will be taken against the party demurring which the evidence tends to prove, including every fair inference to be drawn from the evidence. But another legal proposition should not be lost sight of, viz., that fraud will not be presumed, but it must be proved by the party who alleges it."

Again: "Downing conveyed the property, indirectly, to his wife. Eagan, a creditor of Downing, attacks the conveyance on the ground of fraud; but he fails to show any

badge or circumstance of fraud. He does not show that the property was not transferred upon a valuable consideration, as between Downing and his wife; nor, if such were the case, that Downing's intent thereby was to defraud his creditors, nor that his wife had notice of such intent. The burthen of proof rested upon the plaintiff to make out his case, including the fraudulent character of the transfer of the property. This he failed to do, and the demurrer to his evidence was, therefore, correctly sustained."

It is enacted, that no conveyance shall be held fraudulent solely on the ground that it was not founded on a valuable consideration. 1 R. S. 1876, p. 506, sec. 21.

In the case before us, the defendant Stringer owed the plaintiffs at the time he made the conveyance in question, and he was insolvent. There is testimony from which it might be inferred that he made the conveyance to defraud his creditors, but that is not enough to justify a court in setting it aside. To authorize a court to do that, the conveyance must have been fraudulently made by the grantor, and fraudulently received by the grantee, as it was made upon a sufficient consideration.

The conveyance is not shown to be fraudulent as to the grantee, and, as has been said, was not without consideration. We refer to the cases of *Blair* v. *Bass,* 4 Blackf. 539, and *Kittering* v. *Parker,* 8 Ind. 44, as fully sustaining the judgment of the circuit court. The latter case is much in point as to facts.

The judgment below is affirmed, with costs.