VAN PATTEN & MARKS v. THOMPSON ET AL.

1. **Fraudulent Conveyance of Goods**: MORTGAGE IN EXCESS OF DEBTS SECURED. The fact that two mortgages on a stock of goods were given for an amount somewhat greater than the debts owing to the mortgagees, *held* not sufficient to condemn the mortgages as fraudulent, where the mortgagees were women placing great confidence in the mortgagor, and giving but little attention to the form of the securities, and where, also, there was no satisfactory evidence that the mortgagor was guilty of any intentional error in the matter.

2. **Assignment for Benefit of Creditors**: CHATTEL MORTGAGES: INTENTION OF ASSIGNOR. Chattel mortgages covering substantially all of the mortgagor's property, and aggregating all that the property is really worth, do not amount, in effect, to an assignment for the benefit of creditors, with preferences, even though they provide that the mortgagees shall take immediate possession and sell the goods, unless the mortgagor regards the transaction as a complete disposition of his property. And in this case, where the evidence showed that the mortgagor, through an error in judgment as to the value of the goods, expected to realize some $3,000 out of the property, after satisfying the mortgages, *held* that the transaction could not be set aside as an assignment for the benefit of creditors, void on account of preferences.

*Appeal from Scott Circuit Court.*

MONDAY, OCTOBER 24.

THIS action was brought to set aside certain chattel mortgages. The court dismissed the plaintiffs' petition, and they appeal.

*Stewart & White*, for appellants.

*Cook & Dodge* and *Geo. E. Hubbell*, for appellees.

ADAMS CH. J.—The plaintiffs are creditors of the defendant William Thompson, and as such they hold a mortgage

executed to them by Thompson on a stock of goods. The defendants Nancy A. Rambo, Miria McConnell and Mary A. Thompson hold prior mortgages upon the same stock. This action was brought to set them aside, on the ground that they were fraudulent, and on the ground that they virtually constitute an assignment, and that, having been given with a view of preferring creditors, they are, under the statute, void.

I.  There is no question but that Thompson was indebted to the mortgagees, to whom he elected to give a preference, by securing them by prior mortgages upon his stock. The indebtedness to them arose by reason of a loan to him. of money, with which he commenced business. It is insisted, however, by the plaintiffs, that the mortgages were fraudulent, by reason of the fact that they were given for too large a sum. The facts pertaining to this matter we do not think it necessary to set out in detail. It is not denied that two of the mortgages are too large. But they are not very much too large; and we are well satisfied that there was no fraudulent intent on the part of the mortgagees. They are women, and apparently not much accustomed to business transactions of this character. The mortgagor, Thompson, was a relative, and business man. They had evidently placed great confidence in him. They had trusted him without security longer than he was worthy of credit, and when he became embarrassed and proposed to secure them, we think that they took it for granted that he would secure them in a proper way, and gave the matter but little personal attention or thought; and we do not think it occurred to them that the amount for which the mortgages were given was too large. We hardly think that Thompson himself made any intentional error in this respect.

II.  We come, then, to the remaining ground upon which

1. FRAUDU-LENT conveyance of goods: mortgage in excess of debts secured.

the alleged invalidity of the mortgages is placed, and that

2. ASSIGN-
MENT for the
benefit of
creditors:
chattel mort-
gages: inten-
tion of as-
signor.

is, that they virtually constituted an assignment with preferences. It is not denied that they covered substantially all of Thompson's property, and that the aggregate amount was all that the property was worth. It appears, too, that the mortgagees were to take immediate possession by an agent, and proceed to dispose of the mortgaged goods, and apply the proceeds in the payment of their debts. But we think that the evidence shows very clearly that Thompson did not regard the transaction as a complete disposition of his property. The mortgagees were to sell in the ordinary course of trade. It may be that Thompson doubted his ability to resume business without some compromise or radical change in his affairs; but the evidence shows that he believed that sales could be so made as to satisfy the defendant mortgagees, and leave goods of the value of over $3,000. The plaintiffs themselves must have thought that the stock was worth more than the amount of the defendants' mortgages, because by a distinct transaction they accepted a subsequent mortgage given to secure to them $600. Possibly they did not regard the security as sufficient; but they must have regarded it as of some value, and Thompson testified that he thought that the security would prove sufficient for all. His testimony is rebutted by nothing, except the fact that the property was scarcely sufficient to secure the defendants, as the result proved. But we have no doubt that it is common for the owner of an old stock of merchandise to overvalue it, and we do not feel justified in saying that Thompson's estimate was not honestly made. Now, if his judgment, however mistakenly formed, was that the goods would prove to be more than sufficient to secure the defendants, then he did not execute the mortgages given prior to the plaintiff's mortgage with the intention of making a complete disposition of his property; and, if not, he did not intend to make what can be said to be virtually an assignment. It is not uncommon,

we think, for a person to mortgage all his property, believing that the property will more than pay the mortgage debt, when it proves in fact.to be insufficient. It would not be proper for us to hold, at the instance of any unsecured creditor who might see fit to make this claim, that such a mortgage constitutes an assignment. What shall a creditor seeking security do, if he believes that there is only enough property to secure him, and the debtor believes otherwise, and refuses to make an assignment under the statute? The creditor seeking security cannot compel an assignment, and if the debtor, overestimating the value of his property, refuses to make an assignment, the creditor has only to accept such security as he can get. In our opinion, the court did not err in dismissing the plaintiff's petition.

AFFIRMED.