Filed April 22, 1896.

---

No. 17,511.

## ADAMS ET AL. *v.* LAUGEL.

APPELLATE PROCEDURE.—*Conflicting Evidence.*—*Finding.*—A finding of fact by the court on conflicting evidence will not be disturbed on appeal.

SAME.—*Presumption.*—*Foreclosure of Mortgage.*—*Fraud.*—*Want of Consideration for Notes.*—It will be presumed on appeal, in order to support a judgment foreclosing a mortgage, as to three notes which it was given to secure, that a general finding by the court against the third note was upon the theory that there was no consideration therefor, instead of that the giving of the mortgage securing it was fraudulent.

FRAUD.—*A Question of Fact.*—Fraud will not be presumed, but must be proved by the party alleging it.

MORTGAGE.—*When Not Void.*—*No Consideration for Notes Secured by Mortgage.*—A mortgage is not rendered void *per se* simply

· Adams *et al. v.* Laugel.

because one of several notes, which it is given to secure, is not supported by a consideration, where there was no fraudulent intent in its execution.

From the Vanderburgh Circuit Court.

*T. R. Paxton, A. P. Twineham* and *W. D. Robinson,* for appellants.

*L. C. Embree,* for appellee.

HACKNEY, C. J.—The appellee, John Laugel, sued Louisa J. Powell and Ecklos A. Powell upon their promissory notes, one for $700,00, one for $2,300.00 and one for $3,300.00, and to foreclose the mortgage of said Louisa J. Powell given to secure said notes. To the complaint Samuel R. Adams and others, who are the appellants herein, were made defendants as junior lien-holders. The Powells answered in general denial. The appellants, Adams, Downey and the Bank of Commerce, joined in an answer in four paragraphs: 1. General denial. 2. No consideration for the notes and mortgage sued on. 3. Payment of the debt. 4. That the notes were without consideration, and that the mortgage was executed as the result of a conspiracy between the Powells and Laugel to defraud the creditors of the former.

The People's National Bank filed an answer in all respects like the above, and the appellants, Storms, Clark, and Hobberton, joined in an answer of general denial. To the several affirmative answers the appellee replied in general denial.

All of the appellants joined in a cross-complaint against Laugel and the Powells, setting up their several claims against the Powells and alleging that the mortgage was executed without consideration and as the result of a conspiracy between Laugel and the

Powells to cheat, hinder, and defraud the creditors of the Powells; that said mortgage covered all of the property owned by the Powells at the time of its excution, and that at the time of the execution of the mortgage and at the time of the filing of the cross-complaint neither of said Powells had other property subject to execution.

Demurrers by the appellee were overruled and exceptions reserved as to the fourth paragraph of each of said answers and as to said cross-complaint. The cross-complaint was answered by general denial.

The trial resulted in a finding and decree in favor of the appellee as to said two notes for $700.00 and $2,300.00, and the foreclosure of said mortgage as to said notes, and resulted in a finding for the appellants as to the note for $3,300.00.

The appellants, as cross-complainants, jointly moved the court to strike from the decree that part thereof extending a lien upon the mortgaged property for the sum of said two notes for the alleged reason that the mortgage, being fraudulent as to said $3,300.00 note, was not enforcible as to the other two notes. This motion was overruled, and that ruling is here assigned as error. The same question is urged upon the action of the court in overruling the joint motion of the appellants for a new trial.

The appellants moved also for judgment in their favor against Laugel and Louisa J. Powell for the costs of the cross-complainants, which motion was overruled, and that ruling is assigned as error.

Passing several questions of practice and the assignments of cross-error involving the sufficiency of the answers alleging fraud and of the cross-complaint, we will consider the appellants' principal contention, namely: the alleged error of the trial court in regarding the mortgage as valid when holding that one of

the notes secured by it was not collectible. Upon the evidence there was conflict as to the consideration for each of the three notes, and the trial court possessed the exclusive power to weigh the evidence and determine that conflict. In the exercise of that power it was held that two of the notes were valid and collectible and that the other was not. We are, therefore, not at liberty to pass upon the correctness of that decision. There was not only no evidence that the appellee knew of existing indebtedness of the Powells, and intended, by taking the mortgage, to defraud their creditors, but the only evidence offered repels the existence of that knowledge.

The most that could be claimed for the issue of fraud tendered by the appellants is that: 1, it challenged the mortgage as not supported by any consideration, and that it was taken by a volunteer; and 2, that the mortgage was void because of a conspiracy between the mortgagor and mortgagee to defraud the creditors of the mortgagor. The first of these issues failed upon the finding, which has passed beyond review, that there was at least $3,000.00 of consideration to support the mortgage. The second of these issues failed from the lack of evidence to support the knowledge and participancy of the mortgagee in the intent to defraud creditors. Not adhering strictly to the issues so tendered by the cross-complaint, the court found a partial want of consideration, that is to say, that the $3,300.00 note could not be supported. The pleadings which seem to permit that finding were the answers alleging that there had been no consideration for the notes. The record presenting these facts we are now asked to presume that the trial court found that the $3,300.00 note was fraudulent; that it was included in the mortgage to aid the Powells in defrauding their creditors, and that the mortgage was so tainted with

that fraud as to vitiate it as to all of the notes. Upon which of the two issues of the cross-complaint above suggested we are to indulge these presumptions, counsel have not advised us; but, since we have seen that it is irrevocably held that the appellee was not a volunteer, there is but one other issue. That issue is, did Laugel take the $3,300.00 note and include it in the mortgage, intending to defraud the creditors of the Powells? Has the lower court decided that issue against the appellants? or has the issue not been decided? If decided against the appellants upon the weight of the evidence, we have no power to review that decision. The note was held not to have been supported by a consideration. That conclusion established a badge of fraud only. There may have been other badges of fraud, but there was also, as we have seen, evidence denying fraudulent design. By our statute, R. S. 1894, sections 6645, 6649, the question of fraudulent intent, in all cases charging fraud against creditors, is a question of fact and not one of law. Fraud is not presumed, but must be proven by the party alleging it. Such fraud is a crime, R. S. 1894, section 2277, and crime is not presumed as a question of law, but must be decided as a question of fact. In *Goff* v. *Rogers,* 71 Ind. 459, a mortgage was given for $4,000.00, when the debt was but $3,000.00, and it was there said: "It is contended by appellant's counsel that, as the mortgage was executed for a greater sum than that really due, the mortgage was fraudulent, and several cases from other courts are cited, looking in that direction. If we were to give the cases the effect ascribed to them, we could not recognize them as authority under our statute. Fraud is a question of fact for the consideration of the jury. It is the exclusive province of the jury to determine whether an act was or was not a fraudulent one. *Leasure* v. *Coburn,* 57

Ind. 274. There are no cases, however, that we have been able to find, going so far as to hold that a mortgage is to be conclusively presumed fraudulent from the bare fact that it purports, on its face, to secure a sum in excess of the debt really due. The farthest that any of the cases go, except those based on an express statute, is to hold that the fact that a mortgage expresses on its face an amount materially greater than the true amount of indebtedness is a badge of fraud." See to the same effect *Hoey* v. *Pierron*, 67 Wis. 262; *Carter* v. *Rewey*, 62 Wis. 552; *Kalk* v. *Fielding*, 50 Wis. 339; *Van Patten* v. *Thompson*, 73 Ia. 103; *Frost* v. *Warren*, 42 N. Y. 204; *Weeden* v. *Hawes*, 10 Conn. 50; *Tulley* v. *Haolow*, 35 Cal. 302; Wait Fraud. Conv., section 228.

While it is unquestionably a badge of fraud to execute or to receive a mortgage for a considerable sum in excess of the actual indebtedness, it should not render the mortgage void *per se*, since there may be numerous valid excuses for the overstatement, such as an intention to cover future advances, ignorance of the mortgagee that the mortgage includes too large a sum, mistake in calculations, and the like. These observations make it perfectly clear, we think, that the existence of a fraudulent intent is always necessary; that the existence of that intent is a question of fact; that the burden of any such issue is upon the attacking party; that honest intentions and fair dealing must, in the first instance, be presumed, and that the trial court must determine the question upon the weight of the evidence.

This court, indulging all reasonable presumptions in favor of the action of the trial court, and presuming in favor of the honesty of the parties, could only conclude that the general finding of the court against the $3,300.00 note was upon the theory of the affirma-

tive answers of no consideration, and not upon the issues of fraud. Indeed, we regard this conclusion as unavoidable from the action of the court in overruling the motion to modify the judgment. Though the rule contended for by the appellants were the law, the refusal of the court to apply it to the case in hand implies a conclusion upon the facts denying the application of the rule.

The motion to tax the costs against Laugel and Louisa J. Powell could not be sustained for two reasons at least: 1. Ecklas A. Powell was liable with them for the proper costs; and 2, the issues of the cross-complaint were not all successful, but failed in part, and the costs attending only the successful issue could be properly charged to the defendants to the cross-complaint. Our conclusion renders it unnecessary that we should consider the sufficiency of the cross-complaint and the affirmative answers of fraud.

The judgment of the circuit court is affirmed.

Filed February 14, 1896; petition for rehearing overruled April 22, 1896.