THE AULTMAN & TAYLOR MACHINERY COMPANY ET AL. *v.* SHELL.

[No. 8,932. Filed February 15, 1916.]

1. APPEAL.—*Findings.—Evidence.—Review.*—The court on appeal can not weigh conflicting evidence, but, where the decision is challenged for insufficiency of the evidence, it will determine whether there is any evidence to support the decision, and in so doing will consider only the evidence most favorable to the appellee. p. 22.
2. SALES.—*Fraud.—Evidence.*—Where plaintiff, who was experienced, made a personal examination of a second-hand traction engine before purchasing same, and relied on his own judgment as to its fitness, although he also testified that defendant's agent stated that the engine would do the work if it was as good as recommended to him, and that those in charge of the engine at the time plaintiff examined it stated that it was all right and that leaking steam which plaintiff noticed was the result of a loose bolt, and the engine, after its purchase by plaintiff, leaked water and steam so as to render it useless, etc., the evidence was insufficient to warrant a finding that the sale of the engine to plaintiff was induced by fraudulent representations. pp. 22, 24.
3. FRAUD.—*Evidence.—Sufficiency.*—Fraud need not be proved by a particular kind or class of evidence, but to sustain a finding of fraud there must be some evidence from which fraud may be reasonably inferred. p. 24.

From Huntington Circuit Court; *Samuel E. Cook,* Judge.

Action by Edgar Shell against The Aultman &

Taylor Machinery Company and others. From a judgment for plaintiff, the defendants appeal. *Reversed.*

*M. W. Hopkins* and *Russell T. MacFall*, for appellants.

*Bowers & Feightner*, for appellee.

FELT, P. J.—This is a suit brought by appellee against the appellants, The Aultman & Taylor Machinery Company, and the Huntington County Bank, to annul a written order for the purchase of a traction engine and to cancel four promissory notes and have returned to him $100 in cash paid by him on the order, on the ground that the order was procured by the fraud of appellant, The Aultman & Taylor Machinery Company, hereafter referred to as the appellant.

The complaint was in one paragraph and was answered by general denial. The only error assigned and relied on for reversal of the judgment rendered in appellee's favor is that the court erred in overruling appellants' motion for a new trial, the grounds of which are, (1) that the decision of the court is not sustained by sufficient evidence and (2) is contrary to law.

Omitting formal parts, the complaint in substance alleges that in October, 1912, appellee represented to appellant that he desired to purchase a steam traction engine for the purpose of drawing wagons loaded with crushed stone; that appellant by its agent represented to appellee that it had an engine suitable for that purpose, and thereupon appellee entered into an agreement in writing by the terms of which he agreed to purchase the engine for $500; that as a part of said agreement appellant warranted the engine to be made of good materials and capable of doing as much work as any engine of like size and

NOVEMBER TERM, 1915. 21

Aultman, etc., Mach. Co. v. Shell—61 Ind. App. 19.

capacity and to be in good condition; that thereupon appellant shipped the engine to appellee at Huntington, Indiana, and directed appellee to pay $100 in cash and to execute four promissory notes each for $100, to appellant at the Huntington County Bank; that after paying the money and executing the notes appellee learned that the engine was not of good quality, was not fit to do the work appellant represented it would do; that it was defective, in this that the boiler was so worn and cracked that it would not hold water; that appellee did not know of said defects when he contracted for the engine and they could not have been ascertained by ordinary inspection; that the boiler was absolutely worthless; that appellee did not know the defective condition of the boiler and engine and relied on the warranties and statements of appellant in regard thereto and believed them to be true; that said warranties and representations were wholly untrue, were fraudulently made and appellee was thereby misled and deceived to his damage, the particulars of which are alleged; that as soon as he discovered the true condition of the boiler he immediately notified appellant and it sent a representative to Huntington to examine the engine, but refused to repair the same; that appellee was induced to enter into the contract for the purchase of the engine and to execute the four notes and pay the $100 to the Huntington County Bank for appellant, by the fraudulent representations aforesaid. Prayer that the bank be enjoined from delivering the $100 cash to its co-appellant and be enjoined from transferring the notes, that the contract and notes be cancelled and that appellee have all proper relief.

Appellant and appellee agree that the complaint proceeds on the theory of fraud and that the case was tried on that theory. The finding in appellee's

22 APPELLATE COURT OF INDIANA,

Aultman, etc., Mach. Co. *v.* Shell—61 Ind. App. 19.

favor is general and covers every material allegation of the complaint. This court can not weigh conflicting evidence, but as the decision is challenged on the ground of the insufficiency of the evidence, we are called upon to decide whether there is any evidence from which fraud may be reasonably inferred or found. The evidence relied upon to show fraud is in substance as follows: Appellee testified that in October, 1912, he called at appellant's place of business and informed its agent, one Arthur Cauble, that he desired to purchase a sixteen horse power second-hand engine to be used in drawing wagons loaded with crushed stone to and across a bridge; that said agent told him appellant had a second-hand engine that had been recommended to him as a good sixteen horse power engine and that if it was as good as recommended to him he believed it would do the work, if any sixteen horse power engine would do it, "but said he had never seen the engine and he would like to have me go and see it for myself"; that the engine was about twenty-five miles from Indianapolis in the possession of a man with whom appellant had had "a good bit of dealings" and "had always found him straight, and I could rely on whatever he told me"; that the agent with whom he talked did not go with him to see the engine; that he went and saw the engine and found it in use and couldn't examine it very well; that it was running very nicely; that he "talked to the old gentleman, but not much to the engineer"; that the old gentleman told him the engine was all right and in good shape; that he was there about twenty minutes and talked to no one but the old gentleman and the engineer; that he looked the engine over the best he could, got down on his hands to see if any thing was wrong, saw a place where a little steam was escaping and was in-

NOVEMBER TERM, 1915.                23

Aultman, etc., Mach. Co. v. Shell—61 Ind. App. 19.

formed "there was a stay bolt that was loose"; that no water was coming out of the place which was under the boiler; that he did not see the stay bolt nor get down under the engine to see it, but asked what was "the cause of the steam coming out" and the engineer, the son of the man who had possession of the engine, told him the engine had fallen through a bridge, had broken the thread on the bolt and after that it had leaked around the stay bolt, but all it needed was a little tightening of the stay bolt; that he got upon the engine, looked it over as carefully as he could, "it seemed to look all right" and he saw nothing else wrong with it.

Appellee also testified that he had had twenty-five years of experience in using engines and other machinery and was an expert, and that he would have discovered anything wrong with the engine if he had gotten under it; that he went to examine the engine for himself and to rely on his own experience and fitness to judge of the engine. The evidence also shows without dispute that appellee learned it was a Reeves engine not made by appellant, that it had been in use about twelve years and that Mr. Gorham, in whose possession he found it, had owned it about three years and was trading it for a larger engine; that appellee looked at the leak under the engine twice. Appellee also testified that appellant priced the engine at $550 and when he returned he told the agent he would not put that much in a second-hand engine; that he "didn't know anything about the flues", they were burning coal and he "couldn't see into the inside of the box", but if anything was wrong with the stay bolt he "could put that in"; that they finally agreed on $500, and the agent wrote, and he signed, an order to buy the engine at that price; that he relied on the

statements made to him concerning the engine and believed them to be true.

For the purposes of this opinion, without setting out the evidence on other branches of the case, it is sufficient to state that it is sufficient to sustain the finding, if the evidence warranted the trial court in finding that appellee was induced to make the purchase by the fraud of appellant. In passing upon this question we can not weigh the evidence, but must consider only the evidence, if any, most favorable to appellee, which tends to prove the fraud. Fraud need not be proven by any kind or class of evidence, but to sustain the finding there must be some evidence from which fraud may reasonably be inferred. The essential elements of fraud in a case like the one at bar have been stated many times, and, therefore, need not be repeated here. *Anderson* v. *Evansville Brew. Assn.* (1912), 49 Ind. App. 403, 405, 97 N. E. 445, and cases cited; *New* v. *Jackson* (1912), 50 Ind. App. 120, 124, 95 N. E. 328, and cases cited.

Conceding appellee's contention that appellant may be held responsible for any misrepresentation of a material fact, made by either Mr. Cauble or Mr. Gorham, the evidence fails to warrant the inference that either of them knowingly misrepresented any material fact to appellee, or assumed to know any such fact he did not know and made a positive statement thereof to appellee to induce him to purchase the engine, or that appellee relied thereon and was thereby induced to purchase the engine. Mr. Cauble's statements are corroborated by those of appellee and show that he informed appellee that he had never seen the engine and that he only recommended it on condition it was found to be as it had been represented to him to be, and that he directed appellee to see and ex-

amine the engine for himself. The statements made by Mr. Gorham about the engine were made while appellee was viewing it and must be considered in the light of appellee's experience and opportunity to see and examine the engine for himself. It is important to observe that his attention was specially called to that part of the engine which he alleges was defective and that he had every opportunity to determine the accuracy of the statements made and actually stooped down and examined the part of the engine from which the steam was escaping. He was a man of experience and fully capable of judging for himself and testified that he went to see the engine and examined it intending to rely upon his own ability and judgment to determine the value and usability of the engine.

The case is wholly unlike many others where a person in some superior position or possessing some peculiar knowledge, has induced another to act, who depended upon, and had a right to depend upon, the statements so made, and was thereby induced to act while relying on such statements rather than upon his own judgment. In this case the evidence does not warrant the inference that appellee relied upon the statements made to him and was thereby deceived. True he states that he relied upon them, but he also states that he relied upon his own experience and judgment. The facts support the latter and do not tend to support his mere conclusion to the contrary. The only inference that may reasonably be drawn from the evidence presented by the record, is that appellee was a man fully capable of judging for himself, and that after examining the engine, without any interference or hindrance on the part of appellant, he acted on his own deliberate judgment in purchasing the engine at a price agreed upon about which there is no dispute. The judg-

ment is therefore reversed with instructions to sustain appellants' motion for a new trial.

Ibach, C. J., Caldwell, Moran, Hottel and Shea, JJ., concur.

NOTE.—Reported in 111 N. E. 445. As to the doctrine that fraud is never presumed, see 18 Am. St. 560. See. also, under (1) 3 Cyc 357; (2) 35 Cyc 66; (3) 20 Cyc 120, 122.