## KANDIS ET AL. v. PUSCH ET AL.

[No. 12,650. Filed March 18, 1927. Rehearing denied May 27, 1927.]

1. LANDLORD AND TENANT.—*On abandonment of premises by assignee of lease, original tenant has no right of re-entry.*— Where a tenant, with the landlord's consent, assigned the lease, expressly stipulating in the assignment that he was thereafter relieved of all future payments of rent, on the abandonment of the premises by the assignee, there was no right of re-entry by the original tenant, as he had disposed of all his interest by the assignment. p. 249.

2. LANDLORD AND TENANT.—*Landlord not liable for removing fixtures from leased premises where tenant assigned his lease and assignee abandoned the premises.*—The owners of leased premises who removed therefrom certain restaurant fixtures in a lawful manner, without doing any reckless or wanton injury thereto, were not liable for damages thereto, where the lessees had assigned the lease to another, who abandoned the premises, leaving the fixtures therein. p. 249.

3. CONTRACTS.—*Owner of property may contract not to lease premises for any designated purpose.*—The owner of leased premises may lawfully contract with others that he will not lease the premises to be used in carrying on any designated. business, and so long as such agreement is not unlawful, the parties to the contract cannot be held liable for conspiracy. p. 250.

4. CONSPIRACY.—Before concerted action can amount to a conspiracy creating liability, such action must be unlawful. p. 250.

From LaPorte Circuit Court; *W. W. Pepple,* Special Judge.

Action by Nicholas A. Kandis and others against Carl Pusch and others. From a judgment for defendants, the plaintiffs appeal. *Affirmed.* By the court in banc.

*Lemuel Darrow, Earl Rowley* and *C. V. Shields,* for appellants.

*Smith, Rees & Smith, Osborn, Osborn & Link* and *H. W. Worden,* for appellees.

NICHOLS, J.—The error assigned that we need to consider is the ruling of the court in sustaining the separate and several demurrers of appellees to the re-amended second paragraph of complaint. It is averred in this pleading, in substance, and so far as here involved, that appellants Kandis and Koutoulas were partners engaged in the restaurant business in the city of LaPorte. Appellee Pusch and Maud V. Pusch, who is not a party to this action, were owners of certain real estate in the city of LaPorte, Indiana, and the other appellees were owners and operators of a restaurant in said city. On April 5, 1923, appellee Pusch and Maud V. Pusch leased in writing to appellant Nicholas Kandis said real estate for five years from August 1, 1923, at a rental of $150 per month for the first two years, and $175 per month for the last three years. The rent was payable in advance on the first day of each month. It was provided in the lease that, in the event of default in any of the covenants of the same by the lessee, the lessor might at any time during such default, without notice, terminate the lease, enter upon the premises and expel the lessee, and all rights of action for such ouster and expulsion were, by the terms of said lease, expressly waived. Said appellant Nicholas Kandis was the lessee, but it is averred in the complaint that the other appellants were his partners and that appellee Pusch knew of such partnership. On October 22, 1924, appellant Nicholas Kandis executed a written assignment

of the lease to one Chin Mark Suey, with the express understanding, as provided in the assignment, that said Chin Mark Suey should pay all future rents and that appellee Kandis should be relieved therefrom. The assignment was duly acknowledged before a notary public, the lease accepted by Chin Mark Suey, and the owners of the premises consented in writing to the assignment. On the same day, appellants sold the fixtures and equipment in the restaurant on the leased premises to said Chin Mark Suey for $4,000, and $1,500 was paid in cash and notes in various amounts falling due in successive months were executed for the balance. The title of the fixtures so sold was to remain in appellants until the notes were paid, appellants reserving the right to take possession thereof in the event of default. It is alleged that appellee Pusch had knowledge of this conditional sale. Chin Mark Suey, on November 1, 1923, took possession of the premises and paid the rent until April, 1924, when he defaulted, abandoned the premises, disappeared, and has not since been heard from. At the time of his disappearance, he had paid $400 on the installment notes to appellants, and was in default on notes that were past due $500. Appellants tendered appellee Pusch $150 in payment of the rent due May 1, 1924, which offer was refused, and then on May 16, and again on May 19, 1924, offered appellee Pusch $200 per month, which was refused. Appellee Pusch entered into an agreement with the other appellees that, in the consideration of the payment of $450 to him by the other appellees, the receipt of which was acknowledged, he would not lease the premises involved to any one for restaurant purposes for three years. On May 22, 1924, appellee Pusch, and his co-owner of the building, rented the same to one Alspach for a shoe store at a rental of $200 per month, and thereupon, said appellee removed from the building the

fixtures and restaurant equipment, and, in so doing, damaged the same. It is alleged that such action on the part of appellee Pusch was the result of a conspiracy among the appellees to prevent appellants from conducting a restaurant in such building. There was a demand for $25,000 damages.

It is to be observed that there was an assignment of the lease which had been executed to appellant Nicholas A. Kandis, and that the premises leased were not 1, 2. sub-leased by appellants to Chin Mark Suey. This assignment was accepted by Chin Mark Suey, and such assignment and acceptance were with the consent of the owners of the premises. Under such circumstances, and upon the default of Chin Mark Suey. and his abandonment of the premises, we do not see that there was any right of re-entry on the part of appellants, the assignors of the lease. In making the assignment of the lease, the lessee expressly stipulated that it was the understanding that he was to be thereafter relieved of all future payments, and the assignment with this provision therein was consented to by the owners of the premises. Had appellants desired to repossess themselves of the premises in event of the default of Chin Mark Suey, they could have done so by subletting the premises, reserving to themselves the right of re-entry upon default of the payment of consideration to them, leaving themselves, of course, liable to the owner under the terms of the lease. Then, had they paid before there was a forfeiture because of default in payment of the rent as provided in the lease, they could have held the premises; but the assignment of the lease was clear and unambiguous, and it appeared thereby that appellants had wholly disposed of their rights in the premises, and thereafter they had no right of re-entry. The restaurant equipment remained in the building during the month of May. Ap-

pellants having failed to remove such equipment therefrom, appellees exercised their right to remove the same. It does not appear by the complaint that appellees were guilty of any reckless or wanton conduct, nor that more force was used than was necessary in removing such fixtures. Exercising their right in a lawful way, so far as it appears by the pleading, they were not liable for damages. 36 C. J. 603; *Goshen* v. *People* (1896), 22 Colo. 270, 44 Pac. 503; *Fabri* v. *Bryan* (1875), 80 Ill. 182; *Fifty Associates* v. *Howland* (1849), 5 Cush. (Mass.) 214.

The owners of the building had a right to make any lawful contract with reference thereto, and it was certainly lawful for them to agree, for a consideration, that they would not lease the premises to be used in the conduct of any designated business. Before concerted action can amount to a conspiracy, creating liability, either civil or criminal, such action must be unlawful. *Karges Furniture Co.* v. *Amalgamated, etc., Union* (1905), 165 Ind. 421, 424, 427, 75 N. E. 877; *Shaughnessey* v. *Jordan* (1916), 184 Ind. 499, 506, 111 N. E. 622.

The court did not err in sustaining appellees' demurrer to the reamended second paragraph of complaint.

The amended first paragraph of complaint, the second paragraph of answer and appellants' reply thereto contain substantially the same allegations as appellants' reamended second paragraph of complaint. What we have held, therefore, with reference to the court's ruling on the demurrer to the reamended second paragraph of complaint, applies with equal force to the court's ruling on the demurrer to the reply to the answer to the amended complaint.

We find no reversible error. Judgment affirmed.

Dausman, J., absent.