EDWARDS *v.* HUDSON ET AL.

[No. 27,012.  Filed May 11, 1938.]

*Daily, Daily & Daily,* for appellant.

*George Burkhart, Volney M. Brown, John R. Rader* and *K. W. Hadley,* for appellees.

SHAKE, J.—The appellee Geneva Hudson sued the appellant and her co-appellees for conversion of certain building and loan stock. The action was tried on a fifth amended complaint in three paragraphs and an answer thereto in general denial, resulting in a judgment against the appellant and in favor of the other defendants therein, who are named as appellees to this appeal. The court made a special finding of facts and stated its conclusions of law.

The allegations of fraud relied upon were, that the appellant falsely and fraudulently represented to the appellee Geneva Hudson that the Daisy Hygienic Products, Inc., was a large and prosperous company; that its stock was worth more than par; and that it was paying dividends in excess of ten per cent, whereas, in fact, said company had no property of value; its capital had been wasted and lost; it was earning no profits, and its stock was worthless. It was also alleged that the appellant fraudulently represented to Mrs. Hudson that her building and loan stock would be lost to her if she retained it, because the association that issued it was in imminent danger of insolvency. The complaint further stated that Mrs. Hudson was ignorant of business principles, was barely able to read and write, and that she relied upon said alleged false representations and was thereby induced to exchange her said building and loan stock for stock of said Daisy Hygienic Products, Inc.

As against the appellant, the court found the facts to be substantially as alleged and stated its conclusions of

law in favor of Mrs. Hudson. Exceptions were taken to the conclusions of law but these are not discussed in appellant's brief, and they are therefore waived. There was a motion for a new trial on behalf of the appellant, challenging the sufficiency of the evidence to sustain the special findings and asserting that the decision of the court was contrary to law. These are the only errors properly assigned and presented.

Fraud will not be presumed but it must be proved by the party who alleges it. *Pinnell* v. *Stringer* (1877), 59 Ind. 555; *Hunt* v. *Elliott* (1881), 80 Ind. 245, 41 Am. Rep. 794; *Adams* v. *Laugel* (1896), 144 Ind. 608, 42 N. E. 1017. It is not necessary, however, that fraud be proved by direct or positive evidence, but it will be sufficient if facts and circumstances be proved from which it can fairly be inferred. *Levi* v. *Kraminer* (1891), 2 Ind. App. 594, 28 N. E. 1028; *Aultman & Taylor Machinery Co.* v. *Shell* (1916), 61 Ind. App. 19, 111 N. E. 445. The essential elements of actionable fraud are representations, falsity, scienter, deception and injury. *Rochester Bridge Co.* v. *McNeill* (1919), 188 Ind. 432, 122 N. E. 662. Measured by these standards, we are called upon to say whether the evidence, as disclosed by the bill of exceptions in the record, is sufficient to sustain the trial court's special findings of fact. In that consideration we are not concerned with conflicting evidence or with the weight thereof, but only in determining whether there is an entire absence of proof of any of the facts necessary to be established.

Appellant has narrowed the inquiry to two essential propositions: (1) Is there any evidence of the insolvency of the Daisy Hygienic Products, Inc.? and (2) Is there any evidence that the appellee Geneva Hudson was deceived by the representation of the appellant that the Railroadmen's Building and Savings Association was in danger of insolvency? The effect of the trial court's

special findings was to answer both of these questions in the affirmative.

The finding of the insolvency of the Daisy Company, if it can stand, must rest upon the testimony of the witness William Shidler, who kept the books for the company in 1932. He said that on August 23rd of that year the assets of the company were $7,143.76 and its liabilities $8,822.51. The witness testified that his statement of the assets included the physical inventory as given to him by the storekeeper, and which he did not verify. He further said that he was not a bookkeeper. The suit was filed on April 25, 1933, and it was tried on January 14, 1935. The inquiry was not as to the financial condition of the company on August 23, 1932, but rather as of the date of the filing of the complaint, although we are not unmindful that there is a rule of evidence that proof of the existence of a fact at a particular time may give rise to an inference that it exists at a subsequent time, and that this rule has been applied to the fact of insolvency. *Adams* v. *Slate* (1882), 87 Ind. 573; *Lewis* v. *Michigan Stove Company* (1913), 54 Ind. App. 1, 102 N. E. 391. Before a presumption of the continuance of insolvency can be indulged, the fact of prior insolvency must first be established by competent evidence, and here the case of the appellee Hudson, as it relates to this proposition, must fall. The testimony of Shidler shows on its face that the figures he gave as to the financial status of the company in 1932 were based, as to an essential part thereof, on hearsay. This evidence was admitted over a proper and timely objection. Since the fact of insolvency of the company in 1932 does not rest upon evidence of probative value, the subsequent inference of insolvency must likewise be denied. The court's finding of the fact of insolvency is therefore unsupported by the evidence.

The inescapable answer to the question as to whether Geneva Hudson was deceived by the appellant's representation that the building association was in danger of insolvency is to be found in her own testimony. She was asked: "When Mr. Edwards told you the Railroadmen's Building and Loan Association was going to break up, you knew that wasn't so?" To this question she replied: "Sure I did. I never have believed it." Deception, as that term is used in the law of fraud, is something that operates upon the mind of the victim. When the person who claims to have been defrauded solemnly states under oath that he did not believe the alleged false representations, the inevitable conclusion must be that he was not deceived thereby. There is no other field of inquiry for a court to explore, under such circumstances.

It appears that before this action was instituted the appellee Hudson made a complaint to the Indiana Securities Commission with reference to the dealings of the appellant with her. The commission made an investigation and some correspondence passed between it and the appellant and these letters were introduced in evidence. The appellee contends that the appellant's letters to the commission contained admissions from which the trial court was warranted in drawing an inference of fraud. We find no basis for such an inference. Under the most liberal interpretation, the language relied upon amounted only to an offer on the part of the appellant to restore to Mrs. Hudson the building and loan stock received from her in consideration that she would likewise return to him the stock in the Daisy Corporation delivered to her. Counsel has directed our attention to *Epperson* v. *Rostatter* (1929), 90 Ind. App. 8, 168 N. E. 126, but we do not find that case applicable. There it was held that the promise of a father to take care of damages occasioned by his son in

the operation of the father's automobile was an admission of liability and a circumstance from which the trial court might have inferred that the son was, at the time of the collision, operating the car, either as agent of his father or with his knowledge and consent. *Dennison v. Swerdlove* (1925), 250 Mass. 507, 146 N. E. 27, also cited, is to the same effect. It would be going much too far to hold that one in business admits guilt of fraud by offering to restore to a dissatisfied customer the consideration paid upon return of the thing sold. Some of the most reputable mercantile concerns in the country openly advertise their willingness to do this, not as a confession of fraudulent practices, but rather as an assurance of fair dealings.

Reversed, with directions to sustain appellant's motion for a new trial as to appellee Geneva Hudson.