HOLDER ET AL. *v.* SMITH ET AL.

[No. 18,199.   Filed April 18, 1952.]

*Frank·R. Ryan,* of Danville, *Lucille Martin,* of Indianapolis, and *Parr, Parr & Parr,* of Lebanon, for appellants.

*Davidson, Raber & Gibbs,* of Danville, and *Scifres & Hollingsworth,* of Lebanon, for appellees.

BOWEN, C. J.—This is an appeal from a judgment in an action instituted by the appellants to recover on promissory notes, executed by the appellees. Appellants' complaint was in two paragraphs in which they seek to recover upon a breach of contract and notes given thereunder. The appellees filed an answer in two paragraphs consisting of a denial and an affirmative answer alleging actionable fraud in the procurement of the contract and notes. The appellees, defendants below, also filed a counterclaim seeking affirmative relief and asking a return of the monies paid predicating their action upon fraud.

Issues were joined upon the foregoing pleadings, and there was a trial by the court without the intervention of a jury, and the court entered a finding and judgment that the notes described in the appellants' complaint were executed without consideration and were procured by the appellants by fraud and false representation as alleged in appellees' answer. The court found that the defendants were entitled to have the contract rescinded and the notes sued upon cancelled and set aside. The court made a further finding for the appellants and against the appellees on the appellees' cross complaint. The court adjudged that the notes sued upon were void, and that the same be cancelled and held to be of no force and effect.

Appellants filed a motion for a new trial alleging that the decision of the court was not sustained by sufficient evidence and was contrary to law with other specifications which were waived by appellants in their briefs.

Further assignments of error in the motion for a new trial were waived by the appellants by reason of the failure to present the same.

Appellants' main contention in this appeal is that the appellees have failed to prove fraud, and that they have failed to prove all of the essential elements of fraud, that would entitle them to a rescission of the contract. Appellants also claim that the appellees have not proved grounds for a rescission of the contract, and that there was not a proper offer of the return of consideration on the part of the appellees. Appellants further contend that assuming fraud did exist, and in effect a rescission was properly made, the appellees ratified the contract subsequent to such rescission; that by reason of the fact that the appellees have failed to prove fraud the court's judgment for the appellees is not sustained by sufficient evidence and is contrary to law.

From the record, it appears that on the 1st day of June, 1949, the appellants sold to the appellees on a conditional sales contract a certain restaurant and filling station business, not including the real estate on which the same was located, which restaurant and filling station was located at the intersection of Highways Nos. 36 and 43 in Putnam County, Indiana. Under the terms of the contract, the appellees were to give the appellants their several promissory notes. The conditional sales contract describes the articles of personal property purchased by the appellees and included a list of equipment and property contained within the restaurant and filling station. The appellants on the reverse side of the conditional sales contract executed an affidavit as follows: "M. C. Holder and Green G. Pierce being first duly sworn according to the law says that he purchased the property described in the within conditional sales contract from Sanford Gay and Maple M. Gay; that there are no liens or incumbrances of any kind or nature against said property except the interest

of the as stated on reverse *said* conditional vendor and affiant of said property. Affiant says that he makes this affidavit for the purpose of inducing Kathryn Smith and Roscoe O. Smith to purchase the same."

While the foregoing affidavit contains grammatical errors, typographical errors, and omissions, in the testimony the reference contained in such affidavit as to the persons on the reverse side was explained as being an amount due and owing to Mr. and Mrs. Gay of $3,571.57.

The appellees were in the possession of the property and made the initial payment of $500.00 and three subsequent payments totaling $1,000. The conditional sales contract was executed in June. About August 17th of the same year, the appellees learned that one Lafe McGaughey was claiming some of the property they believed they had purchased. They later talked with McGaughey who was the owner of the real estate on which this restaurant and filling station was located. He told them that a large portion of the merchandise in the store was his, and could not be sold by anyone. The appellees thereafter failed to make any further payments on the contract. The appellee, Roscoe Smith, testified that the next time Mr. Holder and Mr. Pierce were out after he received information that McGaughey was claiming an interest in the articles in the restaurant that he tried to repudiate the contract and give the articles back to them. In response to the question, "Did you say anything to Mr. Holder and Mr. Pierce about taking back the material and giving you your money?" the appellee, Roscoe Smith, testified as follows: "I tried to give the restaurant back to Mr. Holder and Mr. Pierce before September 1st and they didn't accept it back." Later McGaughey brought suit for possession of the premises and the appellees were dispossessed.

The appellees testified that they were not delinquent in the rent, but that by reason of the fact that they had no lease they could not put up any defense. At the time they were dispossessed they took some of the property covered by the conditional sales contract to their residence in Danville, Indiana. After the appellees got these items of personal property not claimed by McGaughey into their residence in Hendricks County, a replevin suit was brought against them by a Mr. Newby, and a judgment by default was obtained by Newby by which Newby was awarded all of the property remaining except the water heater, workbench, and two step ladders. The appellee, Roscoe Smith, also testified that he made an attempt to repudiate the contract on August 27th and did not promise to pay the notes off at any time after that.

However, on cross-examination, he admitted that thereafter he wrote a letter to Mr. Backer, the attorney for the appellants, to the effect that he was trying to raise the payments, but had not had good luck, and that business was bad, and that he would call him the next day.

Another letter was introduced into evidence to Mr. Backer in which he said that if business did not improve he would try to borrow the money for the appellants. Another letter was introduced into evidence dated November 7th addressed to Mr. Backer which referred to bad luck and a fire in the restaurant and concludes with these words. "I think if we can get past this month with the strikers settled we are okey. What we want to know is how we stand in operations. We are taking a beating out there for the last 50 days—please advise as soon as possible. We want either to ease our minds or get out."

The date of the removal of the property from Putnam County to Hendricks County was about the middle of December. The possession suit was filed the day before Thanksgiving.

Appellee Smith notified Holder and Pierce they were moving the property to Hendricks County before they moved it, by calling appellants' attorney, Mr. Backer. Smith also testified that Holder and Pierce did not give their written consent to such removal, but that they were out the next morning after they had been notified and said they "did not care what we did with it." They said, "it was our baby now." This statement was made while they were in the process of moving.

The appellee, Kathryn Smith, and wife of Roscoe Smith, corroborated her husband's testimony that he told the appellants in her presence that he wanted them to take the property back; that it was causing them a lot of trouble and that they had nothing to operate.

In this appeal, we must determine whether the evidence shown by the record is sufficient to sustain the finding and judgment of the lower court and the ruling of the lower court on the motion for a new trial, and also, to decide whether the finding and judgment was contrary to law. Since this court does not weigh evidence, we must determine whether there is an entire absence of proof of any of the facts which are necessary to be established in order to sustain the finding and judgment of the trial court in ordering the contract rescinded, the notes cancelled, and judgment for appellees.

The burden of proving by a preponderance of the evidence all of the elements of fraud rests upon the party alleging it. *Edwards* v. *Hudson* (1938), 214 Ind. 120, 14 N. E. 2d 705; *Guydon* v. *Taylor* (1945), 115 Ind. App. 685, 60 N. E. 2d 750;

*Baker* v. *Meenach* (1949), 119 Ind. App. 154, 84 N. E. 2d 719; *Pinnell* v. *Stringer* (1877), 59 Ind. 555; *Hunt* v. *Elliott* (1881), 80 Ind. 245; *Adams* v. *Laugel* (1896), 144 Ind. 608, 42 N. E. 1017.

It is not necessary, however, that the fraud be established by direct evidence, but it will be sufficient if facts and circumstances be proved from which it can be fairly inferred. *Levi* v. *Kraminer* (1891), 2 Ind. App. 594, 28 N. E. 1028; *Aultman etc., Mach. Co.* v. *Shell* (1916), 61 Ind. App. 19, 111 N. E. 445.

The essential elements for recovery for actionable fraud are representation of material facts, falsity of the same, scienter, deception, and injury. *Edwards* v. *Hudson, supra; Rochester Bridge Co.* v. *McNeill* (1919), 188 Ind. 432, 122 N. E. 662; *Automobile Underwriters Inc.* v. *Rich* (1944), 222 Ind. 384, 53 N. E. 2d 775.

Considering the foregoing rules, we must determine whether the record discloses evidence from which the court could have properly found or reasonably inferred the existence of actionable fraud.

From an examination of the record, it appears that the appellants represented by their affidavit, which they executed for the purpose of inducing the appellees to purchase this restaurant, that they had purchased the various articles of property contained in the conditional sales contract which they entered into with the appellees from Sanford Gay and Maple M. Gay, and that there were no incumbrances against such property except the indebtedness owing to the Gays. At the time this affidavit was made which referred to the articles listed in the conditional sales contract between appellants and appellees, the following articles, including 8 tables, 24 chairs, a coffee urn, large table, meat slicer, steam table,

marble top counter, 2 back bars, and 12 counter stools were articles which the appellants did not receive in the bill of sale from the Gays, and they admitted that they had purchased no additional items from McGaughey, Newby, or anyone else. Since they included those items in the bill of sale and attested to their ownership of the same by affidavit and certified they had a right to sell them, they knowingly perpetrated a fraud upon the appellees, and this evidence establishes scienter. These items constituted some of the more substantial items of the restaurant business. The appellants were chargeable with the knowledge of items they did receive from the Gays as shown by the bill of sale.

They stated no items were given them by anyone, and the whole record is devoid of any proof by which appellants could make any claim of ownership to the articles which they asserted in their affidavit that they did own and that they had purchased from the Gays. From these circumstances, the court could have properly concluded, as it did, that the appellants knowingly represented to these appellees as an inducement for them to enter into this contract that they owned these substantial items of equipment of this restaurant business when they were chargeable with knowledge that they did not so own such articles. This constituted a misrepresentation of material facts which was knowingly made for the purpose of deceiving appellees, and the appellees suffered injury as a result thereof.

The appellants, however, insist that the appellees have not established grounds for a rescission of the contract in that there was not a proper offer of return of consideration. There is evidence that when the appellees learned of the conflicting claims of ownership to this property that the appellee, Roscoe Smith, offered

to give the restaurant back to Mr. Holder and Mr. Pierce, and that they did not accept it back. Further, prior to the time the appellants moved certain articles to Hendricks County from Putnam County, they notified the appellants' attorney, and the appellants were out to the place of business during the process of moving after the appellees had notified appellants' attorney, and they stated unequivocally they did not care what appellees did with it, and that it was their "baby now."

Appellants cannot, in view of such circumstances, deny that appellees made a proper offer of return of consideration in view of the refusal of appellants to accept a return of consideration, and it is clearly apparent that any further action on the part of the appellees would have been futile, and the law does not require the doing of useless things.

The appellants assert that assuming that fraud did exist, and a rescission was properly made, the appellees have ratified the contract subsequent to such rescission. When the appellants refused the offer of a return of consideration, the contract was at an end. The appellants, by their statements that they did not care what appellees did with the property, and that it was appellees' "baby now," which were made subsequent to their refusal to accept a return of consideration, shows a complete abandonment of the contract on appellants' part. In view of such abandonment, there was no basis for the ratification of a contract.

Certainly, the appellees have secured no unconscionable advantage of appellants, and appellants have received the sum of $1,500 on this transaction, and appellees in return have had only the use of the business equipment and good will of the business during the time they were in possession, and a water heater, workbench, and two step ladders.

The finding and judgment of the court is sustained by sufficient evidence and is not contrary to law. We feel that a fair trial was had, and a just result reached under the law and the evidence. We find no reversible error, and the judgment is affirmed.

Royse, J., not participating.

NOTE.—Reported in 105 N. E. 2d 177.