JOHN E. KIDD, CECIL E. KIDD *v.* HAROLD E. KIDD.

[No. 468A60. Filed December 4, 1968. No Petition for Rehearing filed.]

*Philip R. Correll,* of Indianapolis, for appellants.

*Marshall E. Williams,* of Indianapolis, for appellee.

PFAFF, J.—This action was commenced in the Marion Superior Court, Room 5, by the appellee, Harold E. Kidd, against appellants, John E. Kidd and Cecil E. Kidd, appellee's brothers, for alleged damages for conspiracy and fraud. The cause was venued to the Boone Circuit Court where it was thereafter transferred to the Boone Superior Court. Trial was had to the court and the court returned a finding in favor of the appellee in the sum of $4,433.28. Judgment thereon was rendered accordingly. Appellants filed their motion for new trial, alleging that:

"1. The decision of the court is not sustained by sufficient evidence and is contrary to law.

"2. The court erred in sustaining objection to question propounded to plaintiff on cross-examination of plaintiff, as follows:

'Did you file your claim in the receivership action?'

Whereupon the plaintiff interposed the following objection:

'Objection is made to the question that the receivership did not exist until after July 3, 1959, and is not within the period covered by plaintiff's complaint between July 16, 1958, and July 3, 1959.'

Whereupon the court sustained the plaintiff's objection and the witness (plaintiff) was not required to answer.

"3. The Court erred in overruling defendants' motion for finding for defendants made at the conclusion of plaintiff's case and thereafter renewed at the end of the

trial on the ground that plaintiff failed to prove his case."

Said motion was subsequently overruled and appellants now assign as error the overruling of said motion.

The evidence discloses that appellee and appellants purchased a tract of land in May 1946, as tenants in common. Said parties then entered into a partnership agreement and commenced the business of buying and selling lumber, hardware and other allied products until July 2, 1946, when they formed a corporation under the name of Kidd Bros. Lumber Co., Inc. Appellee was the president of the corporation from July 2, 1946, until he resigned on or about June 1, 1958. After appellee resigned as president, the appellants called a special meeting of the board of directors, with notice being given to appellee. As shown in the minutes of this meeting, held on June 16, 1958, the appellee was present and the vacancy in the office of president was noted, whereupon one of the appellants, John E. Kidd, was elected to complete the unexpired term. These minutes also show that the appellee had contacted suppliers in order to discredit the corporation; and that such action had affected the credit of the corporation, which action prompted the removal from the payroll of the appellee by the appellants, acting in behalf of the corporation as its officers and board of directors, on June 16, 1958.

The evidence discloses that at a meeting of the board of directors of said corporation, held on August 15, 1946, the said board authorized the signing of a ten-year lease by Kidd Bros. Lumber Co., Inc., as lessee, and the appellee and appellants, as lessors, of the real estate on which the corporation was located, which lease was to extend until August 15, 1956, and thereafter "as long as both parties concerned are satisfied". The minutes of this meeting, which were introduced in evidence, directed that all income received from the leasing of the real estate was to be the property of Kidd Bros. Lumber Co., Inc.

The evidence further shows that there were other leases signed by the different lessees during the twelve-year period from 1946 to 1958, with the corporation as lessor. After the appellee resigned, on or about June 1, 1958, and during the period of June 16, 1958, to July 3, 1959, some of the leases executed by the corporation while the appellee was president were still in effect. The appellants continued in the operation of the corporation in the same manner in most respects as before appellee resigned and before he ceased to be on the payroll on June 16, 1958. The corporation continued to pay corporation taxes, the same certified public accountants handled the books, taxes and auditing, and during this period from June 16, 1958, to July 3, 1959, said accountants recommended a cut in officers' salaries and same were reduced from $200.00 to $150.00 per week. The corporation continued to own the officers' automobiles and the rents were put into the corporation, which in turn paid the property taxes, insurance, payments on the mortgage and general upkeep and maintenance.

A careful study of appellee's complaint discloses that it sounds in tort. This is seen in rhetorical paragraph VI in the phrases "conspired and acted together" and "fraudulently, wilfully and maliciously with intent of injuring plaintiff". It is seen again in rhetorical paragraph VII with the words "aforesaid conspiracy" and in paragraph XX with the words "fraudulently, wilfully and maliciously mismanaged" and "with a selfish and malicious disregard for plaintiff's interests". Other words denoting a complaint in tort are shown in paragraph X, "fraudulently, wilfully, and maliciously" and in XI, "acted carelessly and negligently; and in XII, "wrongful conduct". Except for the words used in paragraph XI, which were "acted carelessly and negligently" and in paragraph XII, which were "wrongful conduct", the particular torts complained of are conspiracy and fraud.

In *Karges Furniture Co. v. Amalgamated, etc., Union* (1905), 165 Ind. 421, 424, 75 N. E. 877, our Supreme Court stated:

'A conspiracy is defined to be 'a combination of two or more persons, by some concerted action, to accomplish some criminal or unlawful purpose; or to accomplish some purpose, not in itself criminal or unlawful, by criminal or unlawful means'" (citing cases).

See also: *Kandis v. Pusch* (1927), 86 Ind. App. 246, 155 N. E. 618; *Hamilton v. Cooley* (1934), 99 Ind. App. 1, 184 N. E. 568, 187 N. E. 762 (Transfer denied).

The acts complained of by the appellee were those resulting in his removal from the payroll. The evidence clearly discloses that the appellants, at a meeting of the board of directors of the corporation, held on May 31, 1958, voted to remove appellee from the payroll because of his actions in contacting various suppliers and thus causing a discredit to the corporation.

In the opinion of this court appellee has failed to produce a scintilla of evidence in support of his allegation of conspiracy by the appellants.

Appellee next complains of the appellants for certain actions which he contends constitute fraud. Both the Supreme Court of Indiana and this court have stated what elements must be found to support a cause of action based on fraud.

"The essential elements of actionable fraud are representations, falsity, scienter, deception and injury." *Edwards v. Hudson* (1938), 214 Ind. 120, 122, 14 N. E. 2d 705; *Holder v. Smith* (1952), 122 Ind. App. 371, 105 N. E. 2d 177; *General Electric Company v. Dorr* (1966), 140 Ind. App. 442, 218 N. E. 2d 158, 219 N. E. 2d 206.

It is the opinion of this court that appellee has failed to produce any evidence to support a *falsity* on the part of appellants on which appellee relied, was *deceived* and thereby was *injured*.

The record reveals that the trial judge in the case at bar found that there was no conspiracy or fraud as alleged by appellee. He stated:

"* * * I would tend to agree with the defendants that there has been no evidence, I don't think it takes a criminal standard, but I don't even think there has been enough evidence to make a prima facie preponderance of evidence showing of any fraud or conspiracy to commit fraud in the harshest sense of that word." (Tr. p. 179, ll. 5-11)

"I don't think it goes to fraud or conspiracy or anything else, it's turning into almost an accounting action if there is such an animal." (Tr. p. 181, ll. 24-27).

In *Miller, etc. v. Ortman, etc., et al.* (1956), 235 Ind. 641, 664, 136 N. E. 2d 17, Judge Achor, speaking for the Supreme Court of Indiana, stated:

"The law is well settled that a decision grounded upon a theory action not presented by the pleadings, and, therefore, not in issue, is contrary to law."

See also: *Armacost, Administrator v. Lindley, Administrator* (1888), 116 Ind. 295, 19 N. E. 138.

It is obvious in the case at bar that a judgment was rendered for the appellee on a different theory than pleaded. Even if judgment was rendered on the theory of conspiracy and fraud, as alleged in appellee's complaint, he has wholly failed to produce any evidence in support of either allegation.

Based on the authorities cited above and the reasons stated herein, the judgment in this cause is reversed with instructions to the trial court to enter judgment for appellants herein in conformity with this opinion.

Bierly and Smith, JJ., concur.

NOTE.—Reported in 242 N. E. 2d 385.