Caeuthees, J.,
delivered the opinion of the court.
On the eighth day of November, 1850, the plaintiff bought of Bansford McGregor, the six bales of cotton, for which this action of trover was brought. On the same day the clerk of Butherford circuit court issued an execution on a judgment in favor of B. Ferguson, against said McGregor, tested July Term, 1850, addressed to the defendant, as sheriff of Davidson county, who, by his deputy, levied the same upon the cotton, on the 11th November, 1850, the return day of the execution. This writ was returned with the levy, to the November Term, *293 from which another fi. fa. issued, tested second Monday of November, 1850, on the same judgment, which came to the hands of defendant on the 20th November, and was, on the same day, levied upon the cotton; which was sold December 5th, for three hundred and fifty-five dollars and seventy-three cents, as appears by the return on the last fi. fa. It does not appear by whom the last execution was ordered out. There was a verdict and judgment for defendant, in accordance with the law, as charged by the circuit judge; a new trial refused, and appeal in error to this court.
We think the charge and finding was correct, and a new trial properly refused. The levy of the execution vested in the sheriff a special property in the cotton, and was a satisfaction to the extent of its value. He became liable to the plaintiff in the execution, and the debt was extinguished for that amount. The execution was a lien from its test, second Monday in July, 1850, and overreached the title by purchase of the plaintiff’s. The power of the sheriff to sell the property, still continued after the return of the writ, and even after the expiration of his term of office. Overton vs. Perkins, 10 Yer., 328. The authorities all concur in this position, in cases of levies upon personal estate. It is otherwise when the levy is upon land.
But it is contended in this case, that the sale having been made under an alias fi. fa., which was issued from the November Term, 1850, of Rutherford circuit court, and tested on the twelfth day of that month, which was after the purchase of the plaintiff’s, the first levy was waived, and the right, by purchase, must prevail. "We do not think so. It is true, that the plaintiff in the execution, might waive the benefit of a levy in his favor, *294 and release the sheriff from his liability, and the property from the custody of the law; in which case, the original owner would have the power to make a valid sale of it. But such waiver must be distinctly and clearly proved. It is not enough to produce this effect,, that another fi. fa. was issued, which the sheriff re-levies upon the same property, and makes his sale upon it.. lie had a perfect right to sell, by virtue of the title vested in him by the first levy, without any execution; or, he might have retained the first execution and sold under it during the term to which it was returnable, or after the term, when it was fimot/us offiaio. The issue of an alias, or another order of sale, was not necessary to continue his right under the previous levy. Even the taking of a delivery bond, on a levy afterwards made on the same execution, or an alias, without forfeiture, would not be a waiver of his title, or a forfeiture of his right to sell under the first levy. Lester’s case, 4 Hum., 383. The issuance and use of the last execution was merely nugatory and useless; at least, it did not affect his right to the property derived from his original levy, which related to, and bound the property from the test of the first execution, on the second Monday in July, 1850.
Let the judgment of the circuit court be affirmed.