May Term,
1859.

Roy
v.
HAVILAND.

———•—◦•—————

## Roy and Another *v.* HAVILAND.

Suit for the rescission of a contract for the conveyance of land, on account of fraud in obtaining the contract. The complaint alleged that one of the defendants was the plaintiff's agent for the care of the land and to procure a purchaser; that, in his correspondence as such agent, he fraudulently misrepresented the value of the land, and induced the plaintiff to sell it to the other defendant, who had notice of the fraud, for one-half its value—the defendants having a contract between themselves for the conveyance of one-half of the land to the agent, he furnishing half the purchase-money.

*Held*, 1. That the correspondence was admissible in evidence to prove the agency, and, perhaps, the fraud.

2. That the agent was a proper party to the suit.

3. That the agent, being a proper party, could not testify as a witness in relation to matter going to defeat the action against both defendants, though he might testify as to matters affecting the recovery, or the amount of it, against his co-defendant alone.

A party from whom a contract has been obtained by fraud, may have his action for its cancellation, though it be not signed by the defendant.

In a suit for the rescission of a contract for the conveyance of land, on account of fraud in obtaining the contract, the defendants answered that they had made valuable improvements, but did not describe them nor state their value. *Held*, that the matter was not well pleaded; and that if it had been, it is not clear that the defrauding party could avail himself of the defense to prevent a rescission.

*Thursday,*
*June 2.*

APPEAL from the *Lagrange* Circuit Court.

PERKINS, J.—*Haviland* sued *Charles Roy* and *John A. Butler*, for the rescission of a contract for the conveyance of land, on account of fraud in obtaining the contract.

The complaint reads as follows:

"*Almond Haviland* complains of *John A. Butler* and

*Charles Roy*, and says that he was, on, &c., at, &c., the owner in fee simple of a certain tract of land, containing one hundred and sixty acres, in the county of *Lagrange*, *Indiana*, and particularly described as follows, to-wit: The north-east quarter of section thirty-six, in township thirty-seven, north of range nine east; that he had, for the last five years, resided at *Geneva*, in the state of *New York*, and had not seen said land, nor known of any change in its value, during that period; that for the last four years, said *Charles Roy* (who resided in *Indiana*, near the land) had acted as the agent of the plaintiff in the care of the land, preventing waste upon it, and in endeavoring to find a purchaser of it.

" The plaintiff further says that by the representations and agency of said *Roy*, he was, on the 6th of *March*, 1854, induced to execute a written contract for the sale of the land to said *John A. Butler*, for the sum of 1,000 dollars, payable, 200 dollars on the execution of the contract, and the remaining 800 dollars in four equal annual payments of 200 dollars each, with interest at 7 per cent., a copy of which contract is filed with and made a part of the complaint.

" The plaintiff further says that said *Roy*, as the agent of the plaintiff, on the delivery of said contract to *Butler*, in said county of *Lagrange*, received the first payment of 200 dollars, and sent the money to the plaintiff at *Geneva*, in the state of *New York*.

" The plaintiff further says that at the time of the execution of said contract, the land was worth 2,000 dollars, as said *Roy* and *Butler* well knew, but of which fact the plaintiff was not advised, as said *Roy* and *Butler* well knew.

" The plaintiff further says that the contract was obtained by said *Butler* by the fraud of said *Roy* and *Butler;* that said *Roy*, in all his correspondence with the plaintiff touching said land and the contract for its sale, concealed the fact that it had shortly before risen to double the value it possessed when the plaintiff last saw it, and took measures to prevent other persons from giving to the

plaintiff information of the fact, and to induce them to falsely represent to him the contrary.

"The plaintiff further says that before, and at the time said contract was executed, it was, without the knowledge of said plaintiff, agreed between the said *Butler* and said *Roy* that said land should be divided between them— each taking one-half, and paying one-half of the purchase-money; and that, in pursuance of said agreement, said *Butler*, on the same day that the contract between him and the plaintiff was delivered, and before the 200 dollars was paid, executed to said *Roy* a written contract to convey to him the south half of said land purchased, for 500 dollars, to be executed when he should receive his deed from the plaintiff, and on the 500 dollars being paid as the payments came due to the plaintiff on the purchase from him.

"The plaintiff further says that 100 dollars of the 200 dollars paid as the first payment to the plaintiff, was paid by *Roy*, under his agreement with *Butler* to pay for and have half of said land.

"The plaintiff charges that said *Butler* had notice of all the above facts; that he knew said *Roy* was acting as the agent of the plaintiff, and that both were colluding to get the land from the plaintiff for half its value, and then to be divided between them.

"The plaintiff further avers, that as soon as he received information of the fraud, he tendered back to said *Butler* the 200 dollars paid, with interest, amounting to the sum of 11 dollars, and the written contract, and demanded a rescission of the contract, and that he brings said money and contract into Court.

"The plaintiff prays that said contract may be rescinded, and for all proper relief," &c.

The defendants answered.

They admit the residence of the parties, the contracts for the sale of the land, the payment of 200 dollars, and the agency of *Roy* as to the care of the land, as charged in the complaint. They allege ignorance as to *Haviland's* knowledge of its value.

They deny that *Roy* was the agent to find a purchaser of the land; deny all false representations and suppression of facts; deny that the land was worth 2,000 dollars; deny that the agreement that *Roy* should have half the land was made before or at the time of *Butler's* purchase from *Haviland;* but admit that he purchased half of it afterwards; and they allege that they have made valuable improvements on the land.

The cause was tried by a jury, who found for the plaintiff; and there was judgment on the verdict. The Court adjudged that the contract be rescinded and delivered up, and the money paid into Court be delivered to the defendants.

On the trial, the Court permitted all the correspondence touching the subject-matter, between *Roy* and *Haviland*, to be given in evidence by *Haviland.* This was right. That might establish one link, at least, perhaps more, in the chain of evidence, to-wit, the agency of *Roy*, and possibly his fraud upon *Haviland* in the transaction. Other evidence might prove the participation of *Butler* in the fraud.

It should be observed that no particular objection to the admission of the correspondence was pointed out at the time it was given in evidence.

It is objected that *Roy* was not a proper party to the suit; but we think he was so. He was, according to the case made, in reality a joint purchaser of the land; and a judgment rescinding the contract of sale would necessarily deprive him of the power to obtain a conveyance of the half of it which was to be conveyed to him. It was peculiarly a case in which the rights of all parties should be settled in the same suit; and the evidence showed that he furnished one-half of the money to make the first payment, which, in the final judgment was awarded to be returned to him.

*Roy* was offered as a witness for his co-defendant, and was rejected. We have seen that he was a proper party to the record, and, hence, might be subjected to a joint

May Term, 1859.

Roy
v.
HAVILAND.

May Term,
1859.

Roy
v.
Haviland.

judgment with his co-defendant, at least, as to costs. The matters which he was offered to testify in relation to, went to defeat the whole action against both defendants. Under such circumstances, we cannot say he was erroneously excluded. *Dearmond* v. *Dearmond*, 10 Ind. R. 191. See *Draper* v. *Vanhorn*, at this term (1). Had he been offered to testify as to matters affecting the recovery, or the amount of it, against his co-defendant alone, it would have been error to reject him.

It is said that the contract sought to be canceled and delivered up, was not signed by the defendant below, and that, hence, he could not be sued for its surrender. However much force this proposition might have, were this a suit to enforce this contract (and as to that we decide nothing), we have no doubt that a party from whom a contract, binding upon him, has been obtained by fraud, may have his action to procure its cancellation. The complaint in this case, contained facts constituting a cause of action; and upon the evidence we do not feel authorized to disturb the finding of the jury. See *Beckett* v. *Bledsoe*, 4 Ind. R. 256.

One other point is made. The paragraph in the answer which denies all the allegations of fraud in the complaint, also alleges that the defendants have "made valuable improvements on and near the land." The improvements are in no manner described, nor is any value of them stated. It is said this allegation set up new matter which was not replied to, and is, therefore, admitted; and that such improvements preclude a rescission of the contract. The part of the paragraph in denial of the complaint formed a good issue

The allegation as to improvements is not made with sufficient certainty to constitute good pleading and render the paragraph double. And as no amount of improvements was alleged or proved, the question as to them can have no bearing upon the case. Besides, it is not clear that the defrauding party could avail himself of them to prevent a rescission. *Newell* v. *Gatling*, 9 Ind. R. 572.

*Per Curiam.*—The judgment is affirmed with costs.

*R. Parrett* and *J. M. Flagg*, for the appellants.

(1) *Ante*, 351.