Filed Nov. 26, 1889.

---

No. 13,953.

## INGALLS ET AL. *v.* MILLER.

FRAUD.—*False Representations.—Recovery of Money Paid.*—Where an illiterate, weak-minded old man was induced to believe that another had a cause of action against him, upon which one who professed to be a lawyer said he was about to bring suit, and a sum of money was paid by the old man to save himself from expensive, and, as it was made to appear to him, ruinous litigation, the money so paid can be recovered back, it appearing that the statements were false.

SAME.—*Falsity of Statement.—Ignorance of by Party Making.—When Immaterial.*—Where one, for the fraudulent purpose of inducing another to part with money or property, makes a statement of a fact which is untrue, and thereby obtains money which he had no right to receive, and which it would be unconscionable for him to retain, he is guilty of fraud even though he may not have known at the time that the statement was false.

Ingalls *et al. v.* Miller.

SAME.—*Reliance upon Representations.—Province of Jury.*—Whether the alleged representations were such as the plaintiff had a right to rely upon, or whether they were of a character reasonably calculated to deceive such a person as he was, were questions of fact for the jury.

PLEADING.—*Complaint.— General Averment.—Demurrer.*—An averment in the complaint that " the defendant represented that one of them had a good and meritorious action against the plaintiff upon which suit would be instituted if money was not paid," while general in its character, was sufficient to withstand a demurrer.

From the Madison Circuit Court.

*C. L. Henry, H. C. Ryan, W. A. Kittinger* and *L. M. Schwinn,* for appellants.

*M. S. Robinson* and *J. W. Lovett,* for appellee.

MITCHELL, C. J.—Miller instituted a suit against Ingalls and another to recover a sum of money alleged to have been obtained from him by means of a conspiracy.

It is charged in the complaint that the defendants, one of whom was an attorney, falsely represented to the plaintiff, a mentally weak, illiterate, and infirm old man, that Ingalls had a meritorious cause of action against him, and that, unless the plaintiff settled and paid a sum of money demanded, suit would be instituted at once for a large amount, and that a judgment would be recovered against him, and that he would be subjected to costs, trouble and expense. It is alleged that by reason of the mental and physical infirmity of the plaintiff, he was induced to believe the false representations so made, and to pay the defendants the sum of $125, and that Ingalls had in fact no claim or cause of action against him whatever.

It is quite true, as appellant contends, that if one, with full knowledge of all the facts, voluntarily pays money in discharge of a demand unjustly made upon him, he can not afterwards recover the money back, even though he should protest at the time that he was not legally bound to pay it. *Town of Ligonier* v. *Ackerman,* 46 Ind. 552 ; *City of Indianapolis* v. *Vajen,* 111 Ind. 240, and cases cited.

This is upon the principle that one who, with all the facts before him, and without any fraud, oppression or imposition, decides his own case against himself, can not afterwards appeal to the courts to reverse his own decision. *Bond* v. *Coats,* 16 Ind. 202.

This rule can not, however, be invoked to shield one who by means of false representations as to existing facts, has procured money from another who was ignorant of the true state of the facts, or who, on account of mental or physical debility, was incapable of comprehending or retaining the facts in his mind.

Where money is paid upon the supposition that a specific .fact, which it was supposed would entitle the other to maintain an action, is true, which fact is not true, an action will lie to recover the money back, "upon the ground that the plaintiff has paid money which he was under no obligation to pay, and which the party to whom it was paid had no right either to receive or to retain, and which, had the true state of the facts been present in his mind, at the time, he would not have paid." *Guild* v. *Baldridge,* 32 Tenn. 293; *Lewellen* v. *Garrett,* 58 Ind. 442; *Brown* v. *College Corner, etc., G. R. Co.,* 56 Ind. 110; *Cross* v. *Herr,* 96 Ind. 96.

An illiterate, weak-minded old man is induced to believe that another has a cause of action against him, upon which one who professes to be a lawyer says he is about to bring suit. Upon the supposition that the facts were as represented a sum of money is paid in order to save himself from expensive, and, as it is made to appear to him, ruinous litigation. It is conceded now that the other had in fact no cause of action against him, and that he was, therefore, as we must assume, not about to involve him in expensive litigation. How can it be said that the money was paid with knowledge of the facts, and without fraud or imposition. Where one for the fraudulent purpose of inducing another to part with money or property, makes a statement of a fact, which is untrue, and thereby obtains money which he had no right to

receive, and which it would be unconscionable for him to retain, he is guilty of fraud, even though he may not have known at the time that the statement was false.  *Bethell* v. *Bethell,* 92 Ind. 318, and cases cited.

It is said that the plaintiff had no right to rely upon the mere representation that one of the defendants had a meritorious cause of action against him upon which he was about to institute suit, and that the facts stated are not sufficient because the particular acts and statements made to the plaintiff are not set out.  Whether the alleged representations were such as the plaintiff had a right to rely upon, or whether they were of a character reasonably calculated to deceive such a person as he was, were questions of fact for the jury. Representations might be futile and harmless when addressed to an active, sagacious, well-informed man, and yet the same scheme might utterly undo a weak-minded, illiterate, old, or inexperienced man.  " The design of the law is to protect the weak and credulous from the wiles and stratagems of the artful and cunning, as well as those whose vigilance and sagacity enable them to protect themselves."  *McKee* v. *State,* 111 Ind. 378 (381).

The law is not blind to the fact that communities are composed of individuals of several degrees of intelligence and capacity, nor does it declare as matter of law what representations as to existing facts may, or may not, be relied upon.

The averment that the defendants represented that one of them had a good and meritorious cause of action against the plaintiff, upon which suit would be instituted if money was not paid, was, it may be conceded, general in its character. It was, however, sufficient to withstand a demurrer.  A motion to make the complaint more specific would have presented a question of a different character.

The reasons already given in support of the ruling of the court in holding the complaint sufficient, sustain the ruling of the court in overruling the appellant's motion for judg-

Ingalls *et al. v.* Miller.

ment on the answers of the jury to special interrogatories. The answers are not in conflict with the general verdict.

Complaint is made that the court erred in excluding certain evidence, and in giving and refusing certain instructions. Assuming that the instructions are properly in the record, it is sufficient to say in respect to the rulings complained of, that the application of the principles already stated indicate that the court committed no error.

The evidence sustains the material allegations in the complaint.

The appellant obtained money from a simple-minded, illiterate old man, which he had no right to receive, and which, in equity and good conscience, he ought not to retain.

Without the least foundation for so doing, the appellant asserted that he had been damaged by some remarks made concerning him by the plaintiff below, and that unless he was paid he would institute suit against him. The plaintiff denied having made the remarks imputed to him, and even if everything had been true as charged by the appellant, the latter could not have been injured, nor had he any cause of action.

He knew the incapacity of the person with whom he was dealing, and the jury had abundant reason to conclude that the plaintiff below confided in the superior knowledge of the appellant and his attorney, and that he paid the money in the belief that the appellant had a cause of action against him upon which he could maintain a suit. *Worley* v. *Moore,* 77 Ind. 567.

It does not lie in the appellant's mouth to say he ought to have known better, or that he should have been more diligent to ascertain his rights.

There was no error.

The judgment is affirmed, with costs.

Filed Nov. 26, 1889.