## MOWES ET AL. v. ROBBINS.

### [No. 9,603.   Filed June 21, 1918.]

1. FRAUD.—*Sale or Exchange of Property.—Measure of Damages.* —The measure of damages for fraud in the sale or exchange of property is the difference in the actual value of the property received by the defrauded party and its value had it been as represented, so that an instruction, in an action for fraud in the exchange of horses, that plaintiff could recover the difference between his horse and the value of the horse received in exchange was erroneous.   pp. 85, 86.

2. DAMAGES.—*Actions in Tort.—Scope of Recovery.—*In actions sounding in tort there may be a recovery for all damages which naturally and proximately result from the wrong done.   p. 86.

3. FRAUD.—*Actions.—Exemplary Damages.—*In an action based on fraud, exemplary or punitive damages in addition to compensatory damages may be recovered.   p. 86.

4. APPEAL.—*Review.—Instructions.—Fraud.—Measure of Damages.* —Where the jury, in an action for fraud in exchange of horses, found that the mare received by plaintiff was of no value at the time of the trade, but failed to find her value had she.been as represented, it does not affirmatively appear that an erroneous instruction that the measure of damages was the difference between the value of the horses was harmless to defendants.   p. 86.

5. APPEAL.—*Review.—Instructions.—Fraud.—Measure of Damages.* —*Erroneous Instruction.—Cure by Remittitur.—*On an appeal from a judgment for plaintiff in an action for fraud, reversal for an erroneous instruction as to the measure of damages cannot be avoided by remittitur of part of the amount recovered, where the record furnishes no definite basis for determining the amount, if any, which should be remitted.   p. 87.

6. FRAUD. — *Fraudulent      Representations. — Liability. — Intent.—* Where one assumes to know a material fact and states it as such to induce another to act, he is liable in damages to one acting thereon, and he cannot avoid liability by showing that he did not know such fact or intend the injurious consequences of the statement so made.   p. 88.

From Marion Superior Court; *Linn D. Hay*, Judge.

Action by Jessie Robbins against Harry Mowes and another. From a judgment for plaintiff, the defendants appeal. *Reversed.*

*Carl Humble,* for appellants.
*Raymond F. Murray,* for appellee.

FELT, J.—Appellee brought this suit to recover damages for fraud in a horse trade. The substance of the complaint shows that on February 19, 1915, appellants traded appellee a sorrel mare for a horse then owned by him; that appellants falsely and fraudulently represented said sorrel mare to be sound, but she was then and there diseased with "heaves," which fact the defendants knew and concealed from appellee by the use of a drug; that plaintiff relied on the representation that the mare was sound, believed it to be true, and did not know that the mare was so diseased, and was thereby induced to give his said horse and five dollars in money for said mare; that said mare has continued to be so afflicted; that plaintiff was at the time of said trade a gardener, and bought said mare for work in that business, all of which was known to defendants; that said mare was and is wholly unfit for work because of said disease, and on account thereof plaintiff has been damaged in his said business in the sum of $100; that he has been put to great expense in caring for and keeping said mare, all to his damage in the sum of $400.

The complaint was answered by a general denial and by a special answer in which appellants alleged that they had owned the sorrel mare only two days, and did not know that she was diseased, nor did they conceal that fact from the plaintiff; that they informed him that they did not know whether she was or was not sound, and traded the mare on a day's trial; that plaintiff agreed to return the mare on the

evening of the day the trade was made if not satis-
factory, and he did not return her or offer so to do
at any time. To the second paragraph of answer ap-
pellee filed a reply in general denial.

A trial by jury resulted in a verdict for plaintiff
in the sum of $146.25. Judgment was rendered on
the verdict.

Appellants' motion for a new trial was overruled
upon appellee's entering of record a remittitur in
the sum of $50 at the suggestion of the trial court.

The error relied on for reversal is the overruling
of appellant's motion for a new trial. A new trial
was asked on the ground that the verdict of the jury
is not sustained by sufficient evidence, the damages
are excessive, and error in the giving of certain
instructions to the jury.

By instruction No. 7 the court informed the jury
that, if they found for the plaintiff, the "measure
of his damages would be the difference between the
value of the horse plus $5.00, if the plaintiff paid it
to the defendants, and the value of the horse, if any,
that the defendants traded to the plaintiff, plus any
necessary expenses of keeping that horse caused by
reason of the fraud perpetrated upon the defendants,
in case you find for the plaintiff."

Appellants contend that this instruction is erro-
neous, in this, that it informed the jury that, in the
case the plaintiff was entitled to recover, the measure
of his damages was the difference between the value
of the mare he obtained from appellants and the value
of the horse and money he gave in exchange for such
mare.

The complaint proceeds on the theory that appellee
retained the sorrel mare and sued to recover the

damages sustained by reason of the fraudulent representations as to her value.

In this state, and generally, the rule for the measure of damages for fraud in the sale or exchange of

1. property is the difference in the actual value of the property received by the party alleged to have been defrauded and the value of such property at the time, had it been as represented to be by the vendor.

The law presumes that the purchaser has paid for the property as represented, and that he is entitled to his bargain, if it be a bargain, and in the absence of fraud must abide by the result, though he may have paid more for the property obtained than it was worth. *Booher* v. *Goldsborough* (1873), 44 Ind. 490, 503; *Nysewander* v. *Lowman* (1890), 124 Ind. 584, 589, 24 N. E. 355; *Williamson* v. *Brandenberg* (1892), 133 Ind. 594, 598, 32 N. E. 834; *Crist* v. *Jacoby* (1894), 10 Ind. App. 688, 690, 38 N. E. 543; *Brier* v. *Mankey* (1910), 47 Ind. App. 7, 12, 93 N. E. 672; 2 Sedgwick, Damages (9th ed.) §§762, 777; 20 Cyc 130-132.

The fundamental rule in assessing damages for breach of a contract or for a tort is that the injured party shall have fair and just compensation for the injury sustained. Circumstances may warrant the assessment of punitive or exemplary damages in tort cases. The damages recoverable in any case must be susceptible of ascertainment, and should not include elements that are uncertain, contingent, or speculative.

In tort cases the wrongdoer is liable for all damages which naturally and proximately result from

the wrong done. *Coy* v. *Indianapolis Gas Co.* (1896), 146 Ind. 655, 663, 46 N. E. 17; *Cincinnati, etc., R. Co.* v. *Eaton* (1884), 94 Ind. 474, 479, 48 Am. Rep. 179; 8 R. C. L. §8, p. 431; 8 R. C. L. §23, p. 453.

The action here is based upon fraud, and the injured party in addition to compensatory damages may recover exemplary or punitive damages. *Wheatcraft* v. *Myers* (1914), 57 Ind. App. 371, 374, 107 N. E. 81; 8 R. C. L. §§128-132, pp. 579-588. There was proof tending to show special damages, by way of expenses in having the mare examined by a veterinary surgeon, and for keeping her until the alleged fraud was discovered, aggregating about $4.

The instruction is erroneous in its statement of the rule for the measure of damages as above shown, and is also somewhat ambiguous in referring to "the fraud perpetrated upon the defendants," whereas the action is based upon fraud alleged to have been perpetrated by the defendants upon the plaintiff.

However, appellee contends that, even though the instruction be erroneous, the facts found by the jury in answer to interrogatories show that it was not harmful to appellants. The jury returned a verdict for $146.25, and the court conditioned the overruling of the motion for a new trial on appellee's entering a remittitur of $50, which was done. The judgment therefore stands for $96.25.

In answer to interrogatories the jury found that the mare appellee obtained was of no value at the time of the trade, and that the horse appellants obtained from him was worth $75, and that appellee paid appellants $5 in money.

The jury also found that the sorrel mare at the time of the trade was afflicted with "bull heaves," and that the defendants knew that fact at the time; that they concealed the fact from appellee with a sponge inserted in the nasal passages of the mare; that they represented to appellee that they knew that the mare was sound. There was also evidence tending to show that snuff had been placed in said sponge, and that appellee expended about $4 for medical treatment and expense of keeping the mare before he ascertained the fraud that had been perpetrated upon him.

On these facts the jury was justified in assessing punitive as well as compensatory damages.

However, in order to ascertain the damages appellee was entitled to recover, on the theory of this case, it was necessary to prove the actual value of the sorrel mare at the time of the trade, and her value at the time had she been as represented by appellants. The jury found that the mare was of no value at the time of the trade, but failed to find her value had she been as represented. The record therefore fails to disclose one of the elements essential to the determination of the damages, if any, sustained by appellee.

We cannot therefore hold that the record affirmatively shows that the erroneous instruction was not harmful to appellants.

Appellee also suggests that, in case the court finds the instruction to be erroneous and harmful, a reversal may be avoided by entering a remittitur 5. of the excessive portion of the judgment. The facts of record afford no definite basis for determining the amount, if any, that should be remitted, and, in the absence of such facts, it would be a

matter of speculation or guessing to which the court may not resort to avoid a reversal.

Appellants also claim that instruction No. 4 is erroneous for not informing the jury that appellee, to recover, must prove the elements of intention, knowledge, and concealment on the part of appellants in relation to the alleged fraudulent representations.

The instruction in substance informed the jury that, if the defendants represented the horse to be sound, and the evidence proved that it was unsound by reason of the disease as alleged, and that plaintiff relied upon those representations, and was thereby induced to make the trade, they might find for the plaintiff, but, if such facts were not proved, they should find for defendants.

The instruction was not erroneous. It was based upon the proposition that, where a party assumes to know a material fact and states it as such, to 6. induce another to act, and he does rely and act thereon to his damage, the party who assumes to know, and states the proposition as a fact, cannot relieve himself from liability by showing that he did not know such fact or intend the injurious consequences of his statement so made. *Maywood Stock Farm* v. *Pratt* (1915), 60 Ind. App. 131, 110 N. E. 243, 246, and cases cited.

For the error in the instruction as to the measure of damages, the judgment is reversed, with instructions to the lower court to sustain appellants' motion for a new trial.

NOTE.—Reported in 120 N. E. 51. See under (1) 20 Cyc 132; (3) 20 Cyc 142; (6) 20 Cyc 27, 35. Fraud: measure of damages for fraudulent representations in sale or exchange of real estate, 8 L. R. A. (N. S.) 804, 16 L. R. A. (N. S.) 818; whether statements made without knowledge of falsity is ground for action for fraud. 18 L. R. A. (N. S.) 379.