NATIONAL LIFE AND ACCIDENT INSURANCE COMPANY *v.* RANSBOTTOM.

[No. 27,438. Filed June 28, 1940. Rehearing denied September 18, 1940.]

*Hugh B. Olds* and *J. Oscar Clem,* both of Fort Wayne, for appellant.

*Solly Frankenstein,* of Fort Wayne, for appellee.

FANSLER, J.—The appellee brought this action to recover upon a policy of industrial insurance issued by the appellant. Maurice C. Ransbottom was the insured, and the appellee the beneficiary, under the policy.

There was a trial, and judgment for the plaintiff for $250, the amount of the policy. A motion for a new trial was overruled, and error is predicated upon the ruling.

The policy was written on January 28, 1935. The insured died on January 1, 1936. There was a provision that the policy was incontestable after two years. The insured died within the contestable period. The policy provides: "If the insured is not alive or is not in sound health on the date hereof, or if before the date hereof, the Insured . . . has had . . . cancer . . . the Company may, within the contestable period, declare this Policy void and the liability of the Company shall be limited to the return of premiums paid on the Policy." The company, by its second paragraph of answer, alleged that at the time the policy was issued the insured was not in sound health, but was then afflicted with cancer; that the company had elected to declare the policy void, and had notified the plaintiff thereof, and had tendered the plaintiff $8.33, the amount of the premiums paid, which had been refused, and that it "now brings into open court and herewith tenders the sum of Eight and 33/100 ($8.33) Dollars, which said sum is the amount of premiums paid under the provisions of said policy." The facts alleged in this paragraph of answer might have been the basis for an equitable action to declare the policy

void. The answer states an equitable defense to the policy. *New York Life Insurance Co.* v. *Adams* (1931), 202 Ind. 493, 176 N. E. 146; *Rushville National Bank, Trustee, et al.* v. *State Life Insurance Co.* (1936), 210 Ind. 492, 1 N. E. (2d) 445.

It is well settled that one desiring to rescind a contract and have it declared void must, where it is possible, return, or offer to return, the consideration that he received under the contract. The appellee contends that, although the appellant tendered the premiums under the policy, he did not keep the tender good by paying the money into court.

There is a distinction between the unconditional tender of an amount conceded to be due in actions at law and the tender of that which was received under a contract upon condition that the contract be rescinded. *Higham et al.* v. *Harris et al.* (1886), 108 Ind. 246, 8 N. E. 255; *Shuee et al. v. Shuee* (1885), 100 Ind. 477; *Melton et al.* v. *Coffelt* (1878), 59 Ind. 310; *Fall* v. *Hazelrigg* (1874), 45 Ind. 576; *Lynch et al., Ex'rs,* v. *Jennings, Adm'r* (1873), 43 Ind. 276; *Hunter et al.* v. *Bales* (1865), 24 Ind. 299.

The tender in an action at law is considered as payment *pro tanto* and is irrevocable. When an action is brought for more than the defendant believes due, he may bring and pay into court the amount which he concedes to be due and be discharged of costs. This is treated as a voluntary payment, and the money belongs unconditionally to the plaintiff. But in a suit in equity to rescind, the tender is conditioned upon an acquiescence in the contention that facts exist which entitle the other party to a cancellation of the contract, and when the tender is refused and a court of equity is resorted to, the offer to redeliver the consideration is conditioned upon facts being adjudged to exist which

will permit a decree canceling the contract. If there is a decree canceling the contract it will be conditioned upon the delivery of that which the party has offered to deliver, and, upon delivery, the money, if it is money that is involved, will become the property of the other party. But if there is a decree against the party seeking a rescission of the contract, he keeps the consideration which he offered to return and it is his property.

As supporting the view that it was necessary, in order to keep the tender good, that the defendant should pay the money to the clerk of the court, the appellee cites *Hazelett* v. *Butler University* (1882), 84 Ind. 230, and *Carey et al.* v. *State ex rel. Farley* (1870), 34 Ind. 105. The first case is an action at law to recover money due. The second involves the question of the liability of the sureties upon the clerk's official bond for money which was paid to him to make good a tender.

In the case at bar, and in any action to rescind a contract, the tender of the consideration received is not made as payment of a debt unconditionally due the other party. It is merely an offer to restore the consideration which passed in order to restore the status quo, which can be completed only by the contract being canceled and rescinded. It is an offer to restore upon condition that the contract be rescinded. If the party seeking the rescission has the absolute right to rescind, rescission is accomplished by redelivering the consideration. If rescission depends upon the establishment of a fact that is in dispute, the party seeking rescission must assert the fact to exist and offer to return the consideration. If the other party disputes the existence of the fact and refuses to accept a return of the consideration, there is an impasse, and the party seeking rescission may resort to a court of equity for a determination of the fact and his right to

rescind. The cases cited, and those which we have seen, go no further than to say that the party seeking rescission must allege that he offered back the consideration, and must offer in his complaint to restore the consideration as a condition to being relieved of the contract if the facts entitling him to rescission are established. It is often said that he "must bring the money into court," or "must bring the deed of conveyance into court." But it would seem that the offer in his pleading to surrender the consideration, as a condition to receiving a favorable decree, has been considered sufficient. It is said that at common law there could be no payment into court without an order of court.

In an action upon an insurance contract there may be many defenses. There may be, first, the equitable defense that the policy is voidable, and that facts existed justifying a rescission, and that the insurer has offered, and is still offering, to return the consideration received if facts are found to exist authorizing the rescission; and there may be the second defense that, granting the contract is not voidable and cannot be rescinded, still the facts do not justify a recovery under the policy. In such a case, if a tender of the return of the premiums is accepted, the money becomes the property of the plaintiff and the contract must be rescinded, and if there is a decree canceling the contract it will be conditioned upon the delivery of the money to the plaintiff and the contract will be rescinded. But if there is a decree that the contract should not be rescinded, the premiums which were tendered belong to the insurer; and, still, upon the other defense, there may be a judgment against the plaintiff that there is nothing due under the contract. The offer to return the premiums is not conclusive of the fact that the amount of the

premiums, or any other amount, is due the plaintiff unless there is a decree rescinding the contract. The above rules are clearly discernible from the authorities, and, although there are perhaps loose statements in the cases about bringing the money into court, no decision of this court has come to our attention in which it was held necessary that a money consideration must be paid to the clerk of the court as a condition to maintaining an equitable action or defense seeking a rescission of the contract. The offer to return the premiums brought forward and continued in the pleading is sufficient.

It is shown without question by the medical testimony that the insured had a malignant and incurable cancer from March, 1932, until the date of his death. He was operated in 1932, and the operating physician had several laboratory analyses made, in which there was some disagreement, and the operating physician was in some doubt at the time as to whether there was a malignant condition, but he testified that his ultimate conviction was that beyond doubt during the whole period the insured had an incurable cancer. There was evidence that the insured worked during much of this period and ate his meals regularly and appeared to be in good health, but this evidence cannot prevail against the positive and uncontradicted evidence that he was during all of this time afflicted with an incurable disease.

There were two separate answers seeking to avoid the policy. One was based upon the ground that the insured was not in good health at the time the policy was written, and the other upon the ground that he was afflicted with a cancer at that time. The evidence is undisputed that the company notified the plaintiff in writing that it elected to cancel the policy because the insured was not in good health at the time it was writ-

ten, and notified him orally that it was refusing to pay the policy because the insured was afflicted with a cancer at the time it was written. It is clear beyond dispute that the insured had an incurable cancer. This was a sufficient basis for an election on the part of the company to rescind the contract and to elect to treat it as void. It is clear that it so intended, and that both its written notice and the oral notice that it would elect not to be liable are based upon the same bad health and incurable disease. Under the undisputed facts the defendant was entitled to a decree canceling the contract.

Judgment reversed, with instructions to the trial court to enter a decree canceling the policy upon payment of the premiums into court, and to enter judgment for the defendant.

NOTE.—Reported in 28 N. E. (2d) 78.