BAKER ET AL. *v.* MEENACH ET AL.

[No. 17,765. Filed March 25, 1949.]

*O. W. Hubbard* and *Roscoe C. O'Byrne,* both of Brookville, and *Owen S. Boling,* of Indianapolis, for appellants.

*Charles R. Baker* and *Virgil J. McCarty,* both of Brookville, and *Clinton H. Givan,* of Indianapolis, for appellees.

MARTIN, J.—The appellees, Simon Fitch Meenach and Jewell Meenach sued the appellants to set aside a certain deed to 160 acres of land, including improve-

ments thereon, consisting of two dwelling houses located in Franklin County, State of Indiana and a bill of sale to personal property consisting of livestock and poultry executed by the appellees for the exchange of coal rights in and under a 60 acre tract of land, located in Jackson County, State of Kentucky, based on fraud.

The issues were joined on a complaint in a single paragraph and answer of special denial, a cross complaint in two paragraphs and answer of special denials thereto. A trial by jury resulted in a verdict in favor of the appellees. The assignment of errors presented to this court questions the action of the trial court in overruling appellants' motion for a new trial.

The grounds of appellants' motion for a new trial raises the following questions:

1. Was there sufficient evidence to establish that the appellants, or either of them, were guilty of actionable fraud?

2. Did the plaintiffs make a timely repudiation of the deed and bill of sale and seek rescission thereof within a reasonable time after they discovered the fraud?

3. The question as to whether the court erred in overruling the motion to peremptorily instruct the jury at the end of the plaintiffs' case and at the end of the defendants' case.

4. That the appellees have failed to return or offer to return everything of value received in the transaction so that each party will be in status quo.

The allegations of fraud replied upon in Rhetorical Paragraph IV of appellees' complaint were as follows:

"That on said 17th day of October, 1945, and for several days prior thereto, for the purpose of cheating and defrauding plaintiffs out of their said above described real estate . . ."

"And that said defendant, Nathon W. Baker then and there falsely and fraudulently represented

to the plaintiffs herein that there were three workable veins of coal in and under said above described real estate, two of which said veins were 32 inches in thickness and one vein of 54 inches and that the said coal rights were worth in excess of $6000 . . ."

Rhetorical Paragraph VI of appellees' complaint is as follows:

"Plaintiffs herein say and allege that they were not familiar. with coal lands and were inexperienced in coal mining; that relying upon said statements and representations so made by the defendants, and believing them to be true, they did exchange their said above described real estate in Franklin County, in the State of Indiana for the coal rights so owned by the defendants in the said State of Kentucky, and they did on the 17th day of October, 1945, convey by warranty deed the said above described real estate to the defendant, ' Nathon W. Baker, and that defendants did on said day deliver to plaintiffs the coal rights in and under said real estate in the said State of Kentucky, and that said plaintiffs also delivered to defendants herein a bill of sale for the crops and chattel property and implements on their said real estate; of the value of fourteen hundred dollars ($1400). and said plaintiffs were induced to make such exchange by reasons of said false representations of said defendants."

Fraud will not be presumed but must be proved by the party who alleges it. *Edwards* v. *Hudson* (1938), 214 Ind. 120, 14 N. E. 2d 705; *Adams* v. *Laugel* (1896), 144 Ind. 608, 42 N. E. 1017; *Hunt* v. *Elliott* (1881), 80 Ind. 245, 41 Am. Rep. 794; *Pinnell* v. *Stringer* (1877), 59 Ind. 555.

It is not necessary, however, that fraud be proved by direct or positive evidence, but it will be sufficient if facts and circumstances be proved from which it can fairly be inferred. *Edwards* v. *Hudson, supra; Levi* v. *Kraminer* (1891), 2

Ind. App. 594, 28 N. E. 1028; *Aultman, etc. Mach. Co.* v. *Shell* (1916), 61 Ind. App. 19, 111 N. E. 445.

The essential elements of actionable fraud or misrepresentations, are falsity, scienter, deception and injury. *Edwards* v. *Hudson, supra; Rochester Bridge Co.* v. *McNeill* (1919), 188 Ind. 432, 122 N. E. 662.

Measured by these standards, we are called upon to say whether the evidence as disclosed by the record is sufficient to sustain the verdict of the jury and the ruling of the lower court on the motion for a new trial.

In that consideration, we are not concerned with the conflicting evidence or with the weight thereof, but only in determining whether there is an entire absence of proof of any of the facts necessary to be established.

We are of the opinion that the record discloses evidence from which the jury could have found or reasonably inferred the following facts.

That Nathon W. Baker, the appellant, set out with a carefully contrived scheme to cheat the appellee Meenach and sell him coal rights on land where appellant Baker did not believe coal veins in commercial quantities existed; that appellee Meenach had been a farm laborer and had but little education and had his wife take care of his correspondence; that he finally purchased a farm of 160 acres in Franklin County and was earning a living by farming and hauling his produce to Sand Gap, Kentucky and bringing back loads of coal; and that he had no experience in the coal mining business and that Nathon W. Baker, the appellant, was an educated man and had attended Berea College and had lived for many years in the community of Sand Gap, Kentucky; that he was well informed about coal land in that community, and was engaged in the coal mining business at the time; that

while Meenach was unloading hay in Sand Gap, Kentucky, the appellant Baker approached Meenach, the appellee, and told him that "if you are looking for coal I have got the best coal in Jackson County and I mean big coal . . ."; that Baker had a man by the name of Johnson take Meenach to see the tract of land, and when Johnson returned with Meenach, Baker took Meenach to the 60 acre tract of land and told Meenach that there were two veins of coal 30 inches and one vein 4½ feet; that Baker stated he had had it opened up and showed Meenach the hole on said 60 acre tract where he represented that the 4½ foot vein of coal was located by the prospecter in 1937, and stated that the briers and bushes were too thick to get in there and make further inspection; that Baker placed a value of $6000 on his coal rights in said 60 acre tract and offered to trade his coal rights for Meenach's 160 acre farm in Franklin County and Meenach's cattle, hogs and other personal property listed in the bill of sale; that Baker further represented to Meenach that he was selling out on account of his wife's health and was going to Florida; that Baker and Johnson stayed with Meenach at all times until the trade was finally consummated in Indiana, after Baker had made representations to Meenach's wife that there were three veins in and under said 60 acre tract of land in Jackson County and that two veins were 32 inches thick and one vein 54 inches thick and that after these representations were again made to Meenach's wife, the trade was finally consummated at the town of Harrison on the Indiana and Ohio line.

The evidence further shows that Baker only paid $10 per acre for said 60 acre tract of land when he purchased same a short time before he had it prospected. Baker had a man by the name of Oscar Brockman to prospect said land for coal in 1937 and Brock-

man testified that he prospected said tract of land and opened a hole and only found a vein of 24 inches of coal and had reported this information to the appellant, Nathon W. Baker in 1937 and further reported to him that he did not find any commercial coal. The evidence shows that there was no commercial coal in and under said tract of land.

The evidence disclosed that Meenach asked Baker to trade back the property in controversy in September 1936 and the evidence further shows that after Meenach had talked to Brockman and found out from Brockman that there was no commercial coal under said tract and that he had prospected it in 1937, the appellees within about two weeks brought this action and at the same time filed a deed with the Clerk of the Franklin Circuit Court conveying said 60 acre tract of coal rights in Kentucky back to Nathon W. Baker and wife Cora Baker; that the transaction of exchange resulted in injury and damage to the appellees in that they parted with a 160 acre farm and $1400 worth of personal property for the coal rights in Kentucky which was worthless as mining property.

The evidence further shows that sometime in January or the early part of February 1946, the appellants and the appellees entered into an oral agreement leasing the farm in Franklin County, Indiana to the appellees for farm purposes.

The evidence further shows that there were logs cut from the farm in Franklin County, Indiana and sawed into lumber and that a couple of rooms were started but not finished on the house on said farm. There is no evidence as to the amount of money, if any, that was expended by Baker on said house except a bill for sawing lumber in the sum of $36.

That the evidence shows that Baker did some work on said house and that Meenach cut the trees and

brought them back in the form of lumber and also worked on the house. Baker had received several large sums of money for crops produced on the farm. This improvement had nothing to do with the original transaction of the trading of the farm and the personal property by the appellees Meenach for coal rights in Baker's land in Kentucky.

The above facts and other facts as disclosed by the record, and considering the evidence most favorable to the appellees, was ample evidence to sustain the verdict of the jury for the appellees.

The evidence clearly disclosed that in order for a coal vein to be a commercial vein it had to be 30 inches thick. The evidence in this case shows that when appellant Baker represented that there was a 54 inch vein of coal in and under said land he was making a dishonest representation; that in 1937 he had hired one Oscar Brockman who prospected for coal on this land; that Brockman had spent several days prospecting for coal and found no vein over two feet thick and no vein that was of any commercial value, and the hole that the witness Johnson pointed out to appellee Meenach, and the hole appellant Baker pointed out to appellee Meenach, was the same hole where the 54 inch vein of coal was supposed to be, but they said they could not go down in there because of the vines and briers and bushes; that at the time said statements were made, both by Johnson and appellant Baker, they knew that Oscar Brockman had made the excavation, and that there was no coal vein in that hole 54 inches thick. Oscar Brockman's evidence shows that he represented to appellant Baker that he only found a 24 inch vein of coal at this place, and further reported that it was not a commercial vein, and in view of the fact that appellant Baker had only paid $10 per acre for said land a short time before

he had it prospected by the witness Brockman and placed a value on said coal rights alone in the sum of $6000 in the exchange with the appellees, there is scarcely a question that all these representations were false and all of them were shown by the evidence to be without foundation. There could be little question that the representations were material.

Whether the alleged representations were such as the plaintiff had a right to rely upon, or whether they were of a character reasonably calculated to deceive such a person as appellant Meenach, were questions of fact for the jury. *Ingalls* v. *Miller* (1889), 121 Ind. 188, 191, 22 N. E. 995; *Varney* v. *Nat. City Bank* (1923), 80 Ind. App. 598, 605, 606, 139 N. E. 326.

Whether such representations as to value are merely the expressions of opinion or affirmation of facts to be relied upon is a question to be determined by the jury. *Cully* v. *Jones* (1905), 164 Ind. 168, 172, 73 N. E. 94; *Simar* v. *Canaday* (1873), 53 N. Y. 298, 13 Am. Rep. 523, 527, 528.

If the statement be in fact false, and be uttered for a fraudulent purpose, which is in fact accomplished, it has the whole effect of the fraud in annulling the contract, although the person uttering the statement did not know it to be false, but believed it to be true. *Bethell* v. *Bethell* (1883), 92 Ind. 318, 325, 326.

Where a person makes an untrue statement and has at the time, no knowledge of its truth and there are no reasonable grounds for his believing it to be true, he is chargeable with fraud, although he has no absolute knowledge of its untruth and may claim to have had a belief in its truth. *Bethell* v. *Bethell, supra; Mowes* v. *Robbins* (1918), 68 Ind.

App. 82, 88, 120 N. E. 51; *Robinson* v. *Reinhart* (1893), 137 Ind. 674, 681, 36 N. E. 519.

Appellants', Bakers', representations to the appellees that there was one vein of coal in and under said 60 acre tract 54 inches thick and two veins 32 inches thick, after he had been informed by the witness Brockman in 1937 that no such veins could be found, was fraud. *Bethell* v. *Bethell, supra; Mowes* v. *Robbins, supra; Robinson* v. *Reinhart, supra.*

Where a party professing to have knowledge falsely represents a thing to exist, and makes the representations for the purpose of securing an undue advantage over the person with whom he is contracting, he is guilty of fraud, although it may not appear that he knew that his statements were false. If the representations were made for a fraudulent purpose and it induces another to act to his injury, the person by whom it was made can not escape liability on the ground that he did not know that his representations were untrue, the result is actionable fraud. *Roller* v. *Blair* (1884), 96 Ind. 203, 204, 205; *Rochester Bridge Co.* v. *McNeill, supra.*

It was a question for the jury as to whether or not the representations made by appellant Baker were known to be false when made. *Ross, Administrator* v. *Hobson* (1881), 131 Ind. 166, 173, 26 N. E. 775.

While a seller or purchaser is not bound to disclose facts within his knowledge, yet if he undertakes to do so, he must disclose the whole truth without concealment of material facts and without doing anything to prevent the other party from making an investigation. *Stackpole* v. *Hancock* (1898), 40 Fla. 362, 24 So. 914, 45 L. R. A. 814 (See cases

cited) ; *Alder* v. *Yager* (1926), 215 Ky. 678, 286 S. W. 983, 70 A. L. R. 945.

In *Rochester Bridge Co.* v. *McNeill, supra,* it is said:

"The mere fact that a statement takes the form of an expression of opinion is not always conclusive, for, as the question is now presented, it must be interpreted by the facts and surrounding circumstances shown by the complaint. The rule that actionable fraud cannot be based upon the mere expression of an opinion has been qualified until now an expression of an opinion may amount to fraud, where it is a mere contrivance of fraud, or if the person to whom it was expressed has justly relied on it and has been misled, or when it is coupled with other circumstances."

Whether or not the statements made by the appellant Baker that the coal rights were worth $6000 and that there was a vein of coal 54 inches and two veins 32 inches in and under said land, were expressions of opinion; under all the circumstances of this transaction as disclosed by the evidence and considering said statements in connection with a further statement that he, Baker, had had the land prospected by Brockman in 1937 they were calculated to mislead appellee Meenach and prevent him from making any inquiry in reference to the value of said coal rights' or the thickness of said coal and constituted a part of the scheme to conceal the real facts as to the discovery that Brockman only found a 24 inch vein of coal where he had made an opening on said land and had not found any commercial coal on said land, which would have prevented the exchange of property.

This action arose out of the exchange of farm land in the State of Indiana and coal rights in land of the State of Kentucky and it is important to know how the State of Kentucky has dealt with mine cases. In the case of *Alder* v. *Yager, supra,* it appeared that the

plaintiff, who knew nothing about coal mining entered into a contract with the defendant for the exchange of a farm for a mine. Prior to the execution of the contract, the defendant falsely and fraudulently represented to the plaintiff that the coal deposit was 30 to 38 inches in thickness and that it ought to average 35 or 36 inches thick. The plaintiff went into the mine with the defendant's former employee to guide him. Each having on his hat, a miner's lamp, this man showed plaintiff the two places in the mine where the seam of coal was 36 inches thick and from this trip in the mine plaintiff did not learn the true facts. The fact was, that the rooms on both sides of the entry had been driven until the coal was only 14 inches thick and could not profitably be operated farther. The plaintiff learned these facts only after he took possession and undertook to operate the mine, and he soon found out that the mine was what is known as a worked out mine. It is quite evident that the plaintiff relied almost wholly on the defendant's representations in closing the bargain. It was held that in view of the facts of the case the plaintiff was entitled to a rescission of the contract.

The appellants insisted that the appellee, Simon Fitch Meenach, was given every opportunity to investigate and determine for himself the existence or non-existence of the coal in the land before the exchange was completed and that the parties were dealing at arms length.

In view of the evidence in this case we cannot agree to this proposition. The evidence shows that the appellee Simon Fitch Meenach was uneducated, had no experience in the mining business, and lived in Indiana a long distance from the coal land in question. While the appellant was an educated man and was experienced in the coal busi-

ness and was operating a mine at the time of the trade near where the land in question was located and was living in that community and had lived there for many years and had had the land in question prospected by the witness Brockman and had had Brockman's report on said land and was in a superior position to know the facts. That from the time the appellant Baker started to talk to the appellee Meenach about his coal rights a man by the name of Johnson, at the direction of the appellant Baker, or Baker himself was with him and both showed him the hole in the land on the 60 acre tract of land that was obstructed by vines and briers and bushes to prevent entry and both Johnson and the appellant Baker rep- resented to appellee Meenach that there was a vein of coal at that place 54 inches thick and the appellant Baker after showing the hole and making said repre- sentation stayed with Meenach and came on to Indiana and made the same representations to Meenach's wife in Indiana and got the deal through without letting the appellant Meenach out of his sight. In this manner he kept appellee from making an independent examina- tion and investigation.

Where conditions or circumstances are such that the purchaser or his agent is prevented from reasonably ascertaining the true condition, extent, or value of the property, and relies largely upon the representations of the vendor or the vendor's agent, it has been held that the purchaser is not pre- cluded from having the contract rescinded on the ground of falsity of representations, although he or his agent makes a cursory or incomplete examination of the premises before the contract is entered into. *Alder* v. *Yager, supra,* 70 A. L. R. 945 (See cases cited).

The evidence shows that the appellee Meenach asked the appellant Baker, to trade back in September 1946. The appellee, in the court below, made timely offer to return all of the property he had received in the transaction with appellant Baker. *National Life & Accident Ins. Co.* v. *Ransbottom* (1940), 217 Ind. 452, 455, 456, 457, 458, 28 N. E. 2d 78.

The appellees filed their complaint within a couple of weeks after the appellee Meenach became acquainted with the witness Brockman, and learned from him of the fraud that had been practiced upon him, and in their complaint the appellees offered to return the property which they had received. Said deed conveying back the coal rights to Nathon W. Baker and his wife, Cora Baker, was deposited with the Clerk of the Franklin Circuit Court for the use and benefit of the appellants and such action was a timely offer for the appellees to return the property. *National Life & Accident Ins. Co.* v. *Ransbottom, supra; Brown* v. *Young* (1916), 62 Ind. App. 364, 374, 110 N. E. 562; *Worley* v. *Moore* (1881), 77 Ind. 567, 575, and 576.

It is not required that the appellees offer to pay the appellants for work or labor or improvements they had made on the Franklin County farm which they had obtained by fraud. It is incumbent upon appellants, to set such facts up by way of setoff or counterclaim and establish such facts by preponderance of the evidence. *Roy and Another* v. *Haviland* (1859), 12 Ind. 364, 368.

The second paragraph of appellants' cross complaint was an action to quiet title to the Franklin County farm. In said cross complaint the appellants alleged that they had:

".  .  . made lasting and valuable improvements upon said real estate consisting of two rooms to the residence thereon located at the time he purchased the same and by weatherboarding the residence located upon said real estate at the time he became the owner thereof, which improvements are of the value and were placed at a cost to him at approximately two thousand dollars ($2,000.00) . . ."

There were issues joined on this cross complaint, the evidence merely showed that some logs were cut and hauled by appellee Meenach to the mill, and were returned to said farm in the way of lumber, and that a couple of rooms were started but not finished on the house in Franklin County. There was no evidence as to the amount of money, if any, expended by the appellants on said house except a bill for $36 for sawing lumber. The evidence showed that the appellant Baker and appellee Meenach both worked on said house. The jury had, and considered these facts, together with the fact that Baker had received several large sums of money for crops produced on said farm and was amply justified by the evidence in holding that Baker was not entitled to recover anything on his second paragraph of cross complaint.

Since there was ample evidence of fraudulent misrepresentations of material facts, which were relied upon by the appellee, the court made no error in overruling and denying the joint and several motion of the appellants herein, to peremptorily instruct the jury to return a verdict for the appellants when such motion was filed and submitted upon the completion of the introduction of all the evidence, and after the appellees and appellants had rested their case. The

court did not err in overruling the appellants' motion for a new trial.

Judgment affirmed.

Bowen, J., not participating.

NOTE.—Reported in 84 N. E. 2d 719.