EDWARD M. JORDANICH ET UX. *v.* RICHARD A. GERSTBAUER ET AL.

[No. 3-672A20. Filed October 4, 1972. Rehearing denied November 13, 1972. Transfer denied May 7, 1973.]

*Anthony V. Luber*, of South Bend, for appellants.

*Timothy W. Woods*, of South Bend, for appellees.

SHARP, J.—On June 23, 1969 the Plaintiffs-Appellants filed a complaint against the Appellees in which it was alleged that Theckla Gerstbauer was the owner of certain real estate in St. Joseph County, Indiana located in the Ireland Hill Addition. Said complaint further alleged:

"2. That defendants Richard A. Gerstbauer and Joseph Gerstbauer acted as agents for and on behalf of said defendant Theckla Gerstbauer in respect to the sale of lots in Ireland Hills.

3. That plaintiffs were desirous of purchasing a lot upon which to construct a dwelling of which purpose defendants had knowledge.

4. That on or before April 12, 1966, plaintiffs and defendants entered into negotiations for the purchase by the plaintiffs of the aforesaid Lot 3.

5. That in the course of said negotiations, plaintiffs inquired of defendants Richard A. Gerstbauer and Joseph Gerstbauer as to the nature and causes of a depression located on the aforesaid Lot 3.

6. That defendants represented to the plaintiffs that the aforesaid depression resulted from the removal of gravel therefrom and that said depression was recovered with clean fill.

7. That defendants well knew that the representations as to the nature of the fill were false.

8. That said representations were made with the intent of deceive plaintiffs and to induce plaintiffs to act on said representations.

9. That plaintiffs believed said representations to be true and were ignorant of their falsity.

10. That plaintiffs relied upon said representations and were thereby induced to purchase from defendant Theckla E. Gerstbauer the aforesaid Lot 3.

11. That in further reliance of said representations, plaintiffs caused a dwelling to be built on said Lot.

12. That said representations of defendants were false in that the aforesaid depression was filled not with clean fill dirt but with dirt mixed with wood, trash and other debris.

13. That be [sic] reason of the aforesaid facts, a corner of plaintiffs' partially constructed house settled into said depression breaking and cracking the foundation and plaintiffs were required to remove said debris-ridden fill and replace said foundation at a cost to them of $5,280.95; plaintiffs were unable to occupy said house during said time and were required to pay rent for shelter in the sum of $875.00; plaintiffs were required to heat said house during said repairs to prevent freezing damage to said house; that by reason of the foregoing plaintiffs were damaged in the sum of $7,500.00."

The Defendants-Appellees filed an answer in general admission and denial and the case was submitted on January 13, 1972 before the trial court sitting with a jury. At the end of the case submitted by the Plaintiffs-Appellants, Defendants-Appellees filed motion for judgment on the evidence under Trial Rule 50 (A) (1). Subsequently a motion to correct errors was filed and overruled and the sole issue presented on this appeal is the correctness of the trial court's judgment on the evidence.

Earlier case law on directed verdict is still applicable under a motion for judgment on the evidence under Trial Rule 50 (A) (1). In *Galbreath* v. *City of Logansport*, (1972), 151 Ind. App. 291, 279 N. E. 2d 578, we analyzed Trial Rule 50 by reference to previous Indiana cases, to the comparable Federal Rule and cases thereunder and by reference to treatise authority on both the Indiana and Federal Rule. From an examination of *Galbreath* and its authorities it is apparent that the standard for directing a verdict at the end of the plaintiff's case is substantially the same now as before the enactment of the new Trial Rule 50. See *Rouch* v. *Bisig*, (1970), 147 Ind. App. 142, 258 N. E.

2d 883 (trans. den.). Thus, when a judgment on the evidence is made at the end of plaintiff's case, the trial court must draw all fair and rational inferences from the evidence in favor of the party opposing such motion and give to that party every favorable intendment of the evidence. Harvey, *Indiana Practice*, Vol. 3, § 50.3.

These cases demonstrate that the granting of a motion under Trial Rule 50(A)(1) is proper only when the evidence is without conflict and is susceptible of only one inference and that in favor of the moving party.

In order for the Appellants to withstand the motion for judgment on the evidence in this case there must be some evidence or a reasonable inference from some evidence to establish the existence of fraud.

In *Gladis* v. *Melloh* (1971), 149 Ind. App. 466, 273 N. E. 2d 767, 770 (trans. den.), we recently defined fraud as follows:

"Also, there is a multitude of authority in the case law defining fraud, and perhaps the most workable definition for our purposes here is found in § 471 of Restatement of Contracts which states:

" 'Fraud' in the Restatement of this Subject unless accompanied by qualifying words, means

(a) misrepresentation known to be such, or

(b) concealment, or

(c) non-disclosure where it is not privileged, by any person intending or expecting thereby to cause a mistake by another to exist or to continue in order to induce the latter to enter into or refrain from entering into a transaction; except as this definition is qualified by the rules stated in § 474.'

In addition § 473 of the Restatement of Contracts states:

'A contractual promise made with the undisclosed intention of not performing it is fraud.' "

Even under the practice in Indiana before January 1, 1970, it was not necessary to actually use the term 'fraud' in order to properly plead the same. It was enough if the facts averred showed fraud. In re Haas' Will, 115 Ind. App. 1, 54 N. E. 119 (1944) ; Automobile Underwriters, Inc.

v. Smith, 131 Ind. App. 454, 166 N. E. 2d 341, 167 N. E. 2d 882, 171 N. E. 2nd 823 (1960), and Gorney v. Gorney, 136 Ind. App. 96, 181 N. E. 2d 779 (1962)."

See also, *General Electric Co.* v. *Dorr* (1966), 140 Ind. App. 442, 219 N. E. 2d 206.

It is not necessary that fraud be proved by direct or positive evidence, but it will be sufficient if facts and circumstances be proved from which it can be fairly inferred. See *Baker* v. *Meench* (1949), 119 Ind. App. 154, 84 N. E. 2d 719.

The evidence in this case infers that Richard Gerstbauer and Joseph Gerstbauer acted as agents for Theckla Gerstbauer in the sale of lots in Ireland Hills Addition and that they knew that the Appellants wanted to buy a lot on which to build a home. During these negotiations, when questioned about a depression in Lot Three, Richard Gerstbauer represented the gravel had been removed and clean fill had been put in two years earlier. There is evidence that clean fill was not in fact used and that debris was found in the depression in question. It is legitimately inferrable that Richard Gerstbauer knew of the true nature of the fill since he had extracted the gravel or he is chargeable with such knowledge since he represented that he in fact knew. See *Baker* v. *Meench* and *General Electric* v. *Dorr*. In fact, these two cases affirm the proposition that an assertion of a fact made recklessly without knowledge will result in the imputation of the element of scienter.

The representation as to Lot Three and its condition was obviously made to induce the Appellants to act. The Appellees were selling and the Appellants were looking to purchase. The Appellants did not know of the debris in question. They acted upon the representation made and purchased the lot and began the construction of a home. Then they suffered damages since the house settled causing cracks in the foundation and there was evidence, admittedly disputed, that the

cause of the settlement and cracking was the debris in question. There was further evidence, again disputed, that there were expenses incurred in the correction of the problems caused by the settlement and cracking.

In *Linderman Machine Co.* v. *Hillenbrand Co.* (1921), 75 Ind. App. 111, 127 N. E. 813, the court stated:

"The theory of the courts in granting relief to a purchaser in an action by him for fraud is that the loss sustained by him and which is the natural result of the fraud should be made good, and that he should be placed, as near as practicable, in as good condition as he was prior to the perpetration of the fraud."

The proof of the sum of $5226.89 taken together with the other evidence recited is sufficient to submit the questions of causation and damages to the jury.

In this case Appellants may well have a difficult time in persuading the trier of fact to decide the case for them. However, we believe that the Appellants' case for fraud is sufficient to submit the same to the jury.

Therefore, the decision of the trial court in entering a judgment on the evidence was erroneous and the same should be and hereby is reversed with instructions to overrule said motion for judgment on the evidence and proceed with a determination of this case on its merits.

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported in 287 N. E. 2d 784.